272            SUPREME COURT.            [43rd Fla.

F. C. & P. Ry. Co. vs. Ashmore. —Syllabus.

FLORIDA CENTRAL AND PENINSULAR RAILROAD COM-
PANY, A CORPORATION ORGANIZED AND EXISTING
UNDER THE LAWS OF FLORIDA, PLAINTIFF IN ER-
ROR, VS. J. K. ASHMORE, DEFENDANT IN ERROR.

1. A demurrant should be held to waive or abandon all objec-
   tions to his adversary's pleading not stated as a matter to
   be argued on demurrer, except those extending to such es-
   sential and vital defects in pleading as to show no cause of
   action or matter of defense, and such as are incapable of
   being cured by the statute of jeofails.

2. If a declaration which is demurred to is defective only in
   containing inartificial allegations of the facts necessary to
   show a cause of action, those imperfections not assigned as
   grounds of demurrer will be thereby waived. But if there
   is in the declaration no allegation, suggestion or allusion to
   facts necessary to create liability, and such facts are not im-
   plied from those which are alleged, the defect is not waived,
   nor would it be cured by verdict.

3. When the allegations of a declaration containing only one
   count are repugnant to and inconsistetnt with each other,
   such allegations neutralize each other, and the declaration
   will be held bad on demurrer.

4. Where a person has been constituted the special agent of
   another to do a particular thing, and his authority to do this
   particular thing has been revoked before he acts in the mat-
   ter, the principal will not be bound by a subsequent per-
   formance of the act, where the latter has not held the agent
   out as having the authority notwithstanding such revoca-
   tion and has not subsequently ratified the act.

Writ of Error to the Circuit Court for Duval County.

*John A. Henderson* and *John C. Cooper,* for Plaintiff in Error.

*Alex. St. Clair-Abrams,* for Defendant in Error.

PER CURIAM.

The defendant in error sued the plaintiff in error to recover damages for alleged unlawful ejection from a car of the defendant, and filed a declaration as follows: "J. K. Ashmore, a resident and citizen of Kentucky, by St. Clair-Abrams and Bryan, his attorneys, sues the Florida Central & Peninsular Railroad Company, a corporation existing under the laws of the State of Florida, in an action for tresspass on the case, for that, Whereas, on the 5th day of November, 1891, the plaintiff desiring to travel from Georgetown in the State of Kentucky to the State of Florida, purchased a through ticket from the New Orleans and Texas Pacific R. R. Co., commonly known as the Queen & Crescent Route, said railway being then and there the agent of the defendant, the Florida Central & Peninsular Railroad Co., in the sale of said through ticket, which said through ticket was composed of divers coupons guaranteeing to this plaintiff first-class passage over divers railroads named in said coupons, one of which coupons provided for a passage by the holder thereof on the line of the defendant's road from Lake City in Florida, to Tavares in said State, which said coupon was in words and figures in print following, that is to say: Issued by Queen & Crescent Road, Florida Central & Peninsular Railroad, Lake City to Tavares, Arcadia, Bowling Green, Charlie Apopka, Cleveland, Fort Ogden, Fort Meade, Homeland, Liverpool, Nocatee, Punta Gorda, Trabue, Wauchula, Zolfo Springs, on con-

ditions named in contract G 397, one passage. Not good if detached. Unpunched figures indicate class of ticket, 1st, 2nd, 40 via Q. C., W. & A., C. G., G. S. F., F. C. & P., T. O. & A., S. F. F. S. If limited punch here. Which said coupon bore on the reverse part thereof the stamp as follows: N. O. & T. P. R. R. Georgetown, November 5th, 1891, which said coupon was by the said agent of the defendant punched in two places with the letter L, and punched with six round holes in the body of said coupon. And the plaintiff having purchased said through ticket and paid the purchase money thereof to the agent of the N. O. & T. P. R. R., commonly known as the Queen & Crescent Route, said railway acting as the agent of the defendant in the sale of said tickets and said ticket by one of its coupons providing for the passage of this plaintiff over the Georgia Southern and Florida Railroad, and this plaintiff having no notice, and never having been informed that the defendant had prohibited the sale of through tickets over the line of the said G .S. & F. R. R., and the said through tickets with coupons being good on its face for the passage over defendant's line of railroad from Lake City to Tavares, the plaintiff acting therefore in good faith, purchased said ticket from the agent of the defendant in Georgetown, paying therefor the sum demanded of him for the same, proceeding on his trip from Georgetown in the State of Kentucky, and having arrived at Lake City proceeded to Hampton over the G. S. & F. R. R., and entered the defendant's train, (said train being in charge of J. C. Russ as conductor) on November 7th, 1891, said train being on defendant's road at Hampton, Florida, for the purpose of proceeding on his trip to said town of Tavares but the plaintiff says that after the train of defendant had started and

left Hampton, and this plaintiff, being still ignor-
ant and uninformed that the defendant had pro-
hibited the sale of through tickets over the defendant's
road where such tickets called for passage over the road
of the G. S. & F. R. R., tendered to the defendant's con-
ductor, a duly authorized agent on said train, the coupon
attached to the other coupon on the said conductor de-
manding his ticket, tendering him the same for his pas-
sage from Hampton to the town of Tavares, but this
plaintiff says that the said conductor, J. C. Russ, refused
to receive the said coupon, or to recognize the same, or to
take it for plaintiff's passage from Lake City to Tavares,
but demanded that this plaintiff pay to him, the said con-
ductor as a duly authorized agent of the defendant, a sum
of money for his said passage from Hampton to Tavares;
and on this plaintiff declining to pay the said sum of
money, but insisting on the said conductor receiving the
coupon for said passage, the said conductor, J. C. Russ,
acting then and there as the agent and representative of
the defendant on said train, as aforesaid, refused to permit
the plaintiff to remain on said cars, but thereupon at the
hour of 3 o'clock in the morning unlawfully ejected the
plaintiff from defendant's cars, and compelled this plain-
tiff to submit to the outrage, insult and ignominy of being
unlawfully ejected from the defendant's cars. This plaintiff
being powerless to resist his being ejected, and having no
means whereby to compel the defendant to give him pas-
sage on said cars from Hampton to Tavares, as the de-
fendant had by his agent in Georgetown, Kentucky, prom-
ised and agreed to do, and for which passage from Lake
City to Tavares this plaintiff had paid the agent of defend-
ant, receiving in return the coupon herein described. And
this plaintiff says that he was compelled to leave said cars

at 3 o'clock in the morning, as aforesaid, at the station which this plaintiff subsequently learned was called Waldo. This plaintiff being a stranger at that place, unacquainted with any person therein, whereby and by reason of the illegal and outrageous act of the defendant, the plaintiff was damaged in the sum of $10 for car fare from Waldo to Tavares, and in the sum of $10 for expenses incurred by him at Waldo by reason of his having been unlawfully ejected from the said cars, and in the sum of $20 expenses incurred by plaintiff lying over at Orlando by reason of the unlawful act of the defendant, and in the sum of $500 expenses incurred by the plaintiff in instituting and prosecuting his action, and in further sum of $9,410 damages incurred by the paintiff for the wrong, outrage and ignominy inflicted and perpetrated upon this plaintiff by the wrongful, illegal and unlawful act of the defendant, Florida Central & Peninsular R. R., in unlawfully ejecting the plaintiff from defendant's cars as before stated. Wherefore the plaintiff brings this his suit, and claims $10,000 damages."

This declaration was demurred to, the demurrer overruled, pleas were filed, and after issue joined, a jury was waived and the case submitted upon evidence to the court. Judgment was rendered for plaintiff for $1,000, from which judgment defendant sued out writ of error to this court, his first assignment of error being based upon the action of the court overruling its demurrer to the declaration.

The grounds of demurrer to the declaration are: 1st. It shows no cause of action. 2nd. It fails to show what authority the alleged seller of the ticket had to sell tickets over defendant company's line, whether general or special; and if special, what authority. 3rd. The declaration is indefinite, in that it does not state what train by num-

ber, or time of departure from Hampton, or what conductor by name is referred to in the declaration.    4th. The declaration does not show any unlawful expulsion of plaintiff, or any one else from cars of defendant.    5th. The declaration does not show that plaintiff held any written contract of defendant compelling defendant to carry the said plaintiff as mentioned in said declaration.    6th. The declaration fails to show that said coupons attached to said ticket described was the contract of defendant. 7th. The said coupons as described in the declaration do not make a contract binding on defendant company to carry plaintiff as alleged.    8th.    The declaration does not show that in fact plaintiff was ejected at all from said cars, or what acts constituted ejectment, but states a conclusion in that respect.    9th. The declaraion is vague, uncertain and indefinite as to what the alleged expenses and damages constituting the alleged claim attempted to be set up in said declaration consists.    10th. The alleged expenses incurred in prosecuting suit are not a proper subject for damages.    11th. The alleged sum for damages generally for wrong and injuries for the alleged ejection are not proper subjects for damages to be recovered in said suit. 12th.    The declaration fails to show any authority in the conductor to eject said party so as to bind defendant. 13th. The declaration fails to show what authority, if any was given plaintiff to ascertain and inform said conductor as to the genuineness or correctness of the alleged ticket claimed to be held by said plaintiff, or what was made by said conductor to carry said plaintiff upon receipt of said information.

In arguing the assignment of error based on the order of the court overruling the demurrer to the declaration counsel for plaintiff in error say that the substance

of the demurrer is that the declaration does not sufficiently show that the coupon tendered to the conductor of defendant was a binding contract upon it, and does not sufficiently show facts to make it the contract of defendant; that facts are not stated showing the authority of the seller of the ticket to sell tickets over defendant's line, but the declaration states a mere conclusion as to such matters; and further, the declaration does not state facts showing the alleged ejection of plaintiff from the cars, and that the alleged expenses, attorney fees and damages set up in the declaration are not the proper subject-matter for recovery in the action. The brief of counsel is confined to such matters as is stated to be the substance of the demurrer.

Sections 1050 and 1053 Revised Statutes provide that "either party may object by demurrer to the pleading of the opposite party, on the ground that such pleading does not set forth sufficient ground of action, defence or reply, as the case may be, and when such demurrer shall be disposed of the court shall proceed and give judgment according as the very right of the cause and matter in law shall appear unto said court, without regarding any imperfection, omission, defect in or lack of form." "The form of a demurrer shall be as follows, or to the like effect: 'the defendant (or plaintiff) says that the declaration (or plea) is bad in substance.' And the substantial matters of law intended to be argued shall be stated; and if any demurrer shall be delivered without such statement, or with a frivolous statement, it may be set aside by the court." Both of these sections are taken from the act of 1861, Chapter 1096, with some modifications. Section 36 of the act of 1861, from which section 1053 of the Revision is taken, is a copy of section 89 of the English Com-

mon Law Procedure Act of 1852. Day's Common Law
Proc. Act, Sec. 89, page 118. Section 36 of the act of
1861, after giving the form of demurrer as stated in the
Revision, provides, "and in the margin thereof some sub-
stantial matter of law intended to be argued shall be
stated, and if any demurrer shall be delivered without
such statement, or with a frivolous statement, it may be
set aside by the court, *and leave may be given to sign
judgment as for want of a plea."* The italicised clause,
as will be observed, has been eliminated in the Revised
Statutes, and instead of stating that in the margin of the
demurrer some substantial matter of law intended to be
argued shall be stated, it is provided that "the substantial
matter of law intended to be argued shall be stated." Sec-
tion 1050 of the Revision is substantially the same as sec-
tion 14 of the act of 1861, Chapter 1096, with the follow-
ing provision omitted, *viz*: "and no judgment shall be
arrested, stayed or reversed for any such imperfection,
omission, defect in or lack of form." In another provision,
section 1182 Revised Statutes we find a general curative
statute, or statute of jeofails. The English Common Law
Procedure Act, *supra*, abolished special demurrers, and
so did our act of 1861 which has been retained in the
Revision. (Section 1040 Revised Statutes.) Under an-
other provision in the same act, and found in section 1043,
R. S., if any pleading be so framed as to prejudice or
embarrass or delay the fair trial of the action, the opposite
party may apply to the court to strike out or amend such
pleading, and the court shall make such order respecting
the same, and also respecting costs as it may see fit. Camp.
v. Hall, 39 Fla. 535, 22 South Rep. 792. See, also,
White v. Cannada, 25 Ark. 41. Prior to and at the time
of the adoption of the English Common Law Procedure

Act, rules of their courts required the parties to give notice in demurrer-books of the points or matters intended to be insisted on in argument, but such practice has not prevailed in our courts, at least since the adoption in 1873 of the Circuit Court rules now in force. Our rules of practice make no provision as to what shall be stated in a demurrer, and we must rely upon the sections of the Revised Statutes to which reference has been made.

Speaking in reference to the statement of facts sufficient to constitute a cause of action, this court said in Pittman v. Myrick, 16 Fla. 692, that "a mere neglect to observe forms of pleading does not constitute such a defect as to make the complaint so insufficient, but if there be a total absence of the allegation, suggestion or allusion to facts without which there can be no liability inferred, there is then a failure to state facts sufficient to constitute a cause of action. An incurable defect is not waived by any pleading, but may be taken advantage of whenever the parties are before the court." This decision was made under the code, but has subsequently been regarded as announcing a sound rule in reference to pleadings. Thus in Crawford v. Feder, 34 Fla. 397, 16 South. Rep. 287, the rule as to curing defects by verdict, given by Gould, is quoted as follows: that "if the declaration omits to allege any substantive fact which is essential to a right of action, and which is not implied in or inferable from the finding of those which are alleged, a verdict for the plaintiff does not cure the defect;" and it was also stated that the "presumption which after verdict cures a defective statement is not founded on the idea that the plaintiff on the trial made out a good case independent of the declaration, but that in proving the allegations as actually made the omitted fact was necessarily involved."

Again it was held in the case of Jordan v. Sayre, 24 Fla. 1, 3 South. Rep. 329, that grounds of demurrer not noticed in brief of counsel for appellant who demurred may be regarded by the appellate court as abandoned. This was in a chancery proceeding, but the authority relied on to sustain it is Southern Express Company v. Van Meter, 17 Fla. 783, S. C. 35 Am. Rep. 107, which was an action at law. The change made in section 1053 Revised Statutes requires the substantial matters of law intended to be argued to be stated, and under this section it is the opinion of the court that the demurrer should be held to waive or abandon all objections not stated except those extending to such essential and vital defects in pleadings as to show no cause of action or matter of defence and such as are incapable of being cured by the statute of Jeofails. Such defects can not, of course, embrace defective statements of formal matters, but must be such as to exhibit a total absence of allegation of facts without which there can be no liability inferred. In determining the sufficiency of a demurrer the court will be confined to the grounds stated and will examine no others unless they extend to an omission to allege substantiative facts which are essential to a right of action or matter of defence and which are not implied in or inferable from those that are alleged.

A careful examination of the declaration in the present case will reveal a looseness of statement as to several matters not embraced in the specific grounds of demurrer that are apparently matters of substance, but under the rule stated the consideration of the demurrer will be confined to the points stated and argued.

The only point argued arising upon the demurrer to the declaration that we deem necessary to discuss, is

whether the declaration shows that the defendant was bound by the the ticket issued to plaintiff by the New Orleans Texas and Pacific R. R. Co. It is nowhere alleged that said railroad was an agent of the defendant for the sale of through tickets to Florida over its line, nor generally that it had authority to issue the particular ticket held by the plaintiff, nor that the defendant by its agent issued the ticket. It is recited that the plaintiff purchased a through ticket with coupons, one of which read over the G. S. & F. R. R. and one over the defendant's line, and that the road selling the ticket "being then and there the agent of the defendant in the sale of said through ticket" and that "said railway acting as the agent of the defendant in the sale of said tickets" and that "plaintiff having no means whereby to compel the defendant to give him passage on said cars from Hampton to Tavares as the defendant had by his agent in Georgetown, Kentucky, promised and agreed to do," but these allegations it will be observed amount to nothing more than an averment that the N. O. T. & P. R. R. Co. had authority to sell the particular ticket purchased by plaintiff, which would be a special authority, and not that said railroad was a ticket agent or authorized generally to sell tickets, or through tickets of any description to Florida binding the defendant. The authority described is special to sell one ticket to plaintiff over certain lines including the G. S. & F. R. R., and if nothing more had been alleged in the declaration relating to the authority of the alleged agent these allegations might be sufficient to entitle plaintiff to recover in this case. But the declaration proceeds to allege that plaintiff when he purchased the ticket had "no

notice and never having been informed that defendant
had prohibited the sale of through tickets over the line
of the G. S. & F. R. R." and again "this plaintiff being
still ignorant and uninformed that the defendant had pro-
hibited the sale of through tickets over the defendant's
road where such tickets called for passage over
the road of the G. S. & F. R. R." thus admit--
ting that previous to the purchase of the ticket
the special authority of the N. O. T. &
P. R. R. to sell the ticket had been withdrawn. These
allegations are in direct contradiction of each other for it
is impossible that the N. O. T. & P. R. R. could have
had the special authority claimed when in fact it had
previously been withdrawn. Where the allegations of a
declaration containing only one count are repugnant to
and inconsistent with each other, they each neutralize the
other and the declaration will be bad on demurrer. Jack-
sonville, T. & K. W. Ry. Co. v. Thompson, 34 Fla. 346,
16 South. Rep. 282. We do not wish to be understood
as holding that where a general agency exists, it can be
revoked as against parties subsequently dealing with the
agent within the apparent scope of his authority without
notice of such revocation, nor that a principal's secret in-
structions to his agent limiting his authority will bind
third persons having no notice of such instructions who
deal with the agent within the apparent scope of his auth-
ority, for those questions are not here involved. What
we do hold is that where it appears that a person has been
constituted a special agent to do a particular thing and
his authority to do this particular thing has been revoked
before he acts in the matter the principal will not be bound
by a subsequent performance of the act, where the prin-
cipal has not held the agent out as having the authority

notwithstanding the revocation, and has not subsequently ratified the act. Mechem on Agency Sec. 225. While this declaration alleges that the N. O. T. & P. R. R. was the agent of the defendant in selling the particular ticket, other facts are alleged which show that it was not such agent, and, therefore, the declaration is defective in substance and consequently demurable. Everett v. Drew, 129 Mass. 150.

The declaration being defective, other questions sough to be raised are not open for consideration. South Florida Tel. Co. v. Maloney, 34 Fla. 338, 16 South. Rep. 280.

The judgment is reversed with directions for further proceedings in accordance with this opinion.