THE SAVANNAH, FLORIDA AND WESTERN RAILWAY COMPANY, *Plaintiff in Error*, v. S. D. T. COSENS, *Defendant in Error*.

In a suit for damages by a plaintiff against a railroad company for damages resulting from the killing of a horse and injury to a wagon and harness by the engine and cars of the latter, and the specific negligence alleged in the declaration against the defendant is that it switched and placed its cars without having a flagman or any person on the rear of said train, and it plainly appears from the evidence that the alleged negligence of the railroad company was not the cause of the injury and damage, but that the negligence of the plaintiff was the proximate cause of the same, then under section 2, chapter 4071, laws of 1891, the latter is not entitled to recover.

This case was decided by Division A.

Writ of error to the Circuit Court for Osceola county.

The facts in the case are stated in the opinion of the court.

*Sparkman & Carter* for plaintiff in error.

No appearance for defendant in error.

HOCKER, J.—The defendant in error, hereinafter called the plaintiff, sued the plaintiff in error, hereinafter called the defendant, in the Circuit Court of Osceola county, Florida, in an action for damages for the killing of a horse, and for damages to a wagon and harness. The alleged negligent act of the defendant upon which this suit is based occurred near the freight depot of the defendant in the town of Kissimmee. The plaintiff was engaged in the business of hauling freights to and from the depot. The freight depot was situated on a side track. The distance from the freight depot to the point where the side track left the main line was about five hundred and ninety-three feet. Between the freight depot and the point where the side track left the main line, and about one hundred and seventy-eight feet from the freight depot, Mackinson and Company had erected a packing house. Between this packing house and the railroad track there was a space about nine feet wide. There was a road leading from the freight depot and passing in the rear of the packing house into the town. A few moments before the occurrence of the incidents forming the basis of this suit, the plaintiff had driven his horse and wagon to the freight depot and had taken on some freight, and desiring to see one of the freight clerks, who was not in the depot, he drove his wagon and horse along side of the track toward the packing house, and stopped in the nine foot space between the packing house and the tracks. He found the clerk and was sitting there in his wagon talking to him. He saw the engine moving about on the tracks shifting cars. He saw cars at the point where the switch and side track branched apart, and cars on the spur track

that leads to the packing house. When he drove up to the packing house the train was moving around shifting and switching. He saw an engine switching up towards the passenger depot. He saw the train come back very slowly, just hard enough to knock the horse down and then it stopped. He says that at the time he first saw the train coming down there he thinks that by driving out he might have gotten from between the track and warehouse, and that if the horse had not jumped on the track the train would have passed and not hit the horse at all, and that the cause of the injury was the horse jumping on the track. He says the horse was not afraid of engines. He says, further, that when he first saw the train coming down the track it was in the neighborhood of the switch between the spur track and side track; that it was coming slowly, and that the distance between the switch and the packing house was about four hundred feet. It is further in evidence that when the danger became apparent the trainmen did all they could to prevent the accident.

The specific negligence alleged in the declaration against the defendant is, that in operating said engine and cars around the yard and across crossings within the limits of the town it switched and placed cars without having a flagman or any person on the rear end of said train of cars or crossings.

Section 2, chapter 4071, laws of 1891, provides that "no person shall recover damages from a railroad company for injury to himself or his property where the same is done by his consent or caused by his own negligence. If the complainant and the agents of the company are both at fault the former may recover, but the damages shall be diminished or increased by the jury in proportion to the amount of default attributable to him." In the case of the *Florida Cent. & P. R. Co. v. Williams,* 37 Fla. 406, 20 South. Rep. 558, and 5th headnote, it is stated: "Though the defendant may be guilty of some negligence at the time of

the accident, yet in order to justify a recovery, it must be made to appear that the particular negligence of which it was at the time guilty *was the proximate cause* of the plaintiff's injury" (see page 421 of the opinion).

In the case at bar it seems to be perfectly clear that the alleged negligence of the defendant in not having a lookout on the rear of the train, or a flagman, had nothing to do with the accident. He admits he saw the approach of the train, and had time and opportunity to get out of danger. The plaintiff supposed the horse to be gentle and not afraid of the cars, and says that if the horse had not jumped on the track, the train would have passed and not hit the horse at all, and that "the cause of the injury was the horse jumping on the track." It is perfectly apparent that the plaintiff saw the danger and took the risk, and, as before stated, that the negligence alleged was not the proximate cause of the accident. The plaintiff under these circumstances could not recover.

The first and second grounds of the motion for a new trial are that the verdict is contrary to law, and contrary to the evidence. The overruling of the motion for a new trial is assigned as error here. The motion should have been sustained.

There are several other assignments of error, but those above mentioned dispose of the case, and it is unnecessary to notice others.

The judgment is reversed at the cost of the defendant in error.

TAYLOR, C. J., and SHACKLEFORD, J., concur.

CARTER, P. J., and MAXWELL and COCKRELL, JJ., concur in the opinion.