# 𝔅𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## CITY OF RICHMOND V. GAY'S ADMINISTRATRIX.

### January 12, 1905.

### Absent, Keith, P.

1. NEGLIGENCE—*How Charged—Case at Bar.*—A charge of negligence on the part of a defendant, though general, is sufficient, if the facts alleged are such as to enable the court to say, on demurrer, that if proved the plaintiff is entitled to recover. In the case at bar, the house of the plaintiff's intestate was situate on one street and near another, under both of which the defendant had gas mains. The first count stated the negligent escape of gas from the pipes under one of these streets; the second count from pipes under the other street, and the third count charged the negligent escape of gas from defendant's pipes, without designating the street. The plaintiff could not know certainly from which pipe the gas escaped. This fact was peculiarly within the defendant's knowledge, and hence the third count was sufficient.

2. NEGLIGENCE—*When a Question for the Jury—Case at Bar—Escaping Gas.*—Although deceased, who was asphyxiated by illuminating gas, may have known that gas had been escaping in other parts of the house than the room occupied by her, and that such gas was dangerous to human life, yet if efforts had been made to remedy the trouble, and there is evidence tending to show that no gas had escaped in the room occupied by her, and that on the night of the asphyxiation no gas was escaping as late as midnight, the question whether or not she was guilty of contributory negligence in occupying her room on that night, or in not taking other precautions for her safety, is one for the jury. Her failure to do so was not contributory negligence as a matter of law.

3. NEGLIGENCE—*Escaping Gas—Proximate Cause—Superseding Cause—Responsible Cause.*—If, owing to a negligent failure properly to main-

Opinion.

tain gas mains, illuminating gas escapes into an abandoned sewer, and thence, through a private connecting pipe, into a private building, killing the occupant, the negligence in permitting the gas to escape is the proximate cause of the death, unless there was some other superseding or responsible cause intervening between such negligence and the resulting death. To be a superseding cause, whether intelligent or not, it must so entirely supersede the defendant's negligence that it alone, without the defendant's negligence contributing thereto in the slightest degree, produces the injury. To be a responsible cause it must be the culpable act of a human being who is legally responsible for his act.

Error to a judgment rendered by the Law and Equity Court of the city of Richmond, in an action of trespass on the case, wherein the defendant in error was the plaintiff, and the plaintiff in eror was the defendant.

*Affirmed.*

The opinion states the case.

*H. R. Pollard,* for the plaintiff in error.

*R. L. Montague, P. A. Smith,* and *Meredith & Cocke,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This action was instituted against the city of Richmond by the personal representative of Mrs. Fetnah D. Gay, deceased, to recover damages for the asphyxiation and death therefrom of the plaintiff's intestate, caused by the alleged negligence of the defendant city, in permitting illuminating gas (which it manufactured and furnished to its residents for gain) to escape from its gas mains into the room in which Mrs. Gay was sleeping. Upon the trial of the cause there was a verdict and judgment for the plaintiff, and to that judgment this writ of error was awarded.

The first error assigned is the action of the court in over-ruling the demurrer to the declaration.

The first ground of demurrer, which was to the declaration and each count thereof, was that the "statute under which the action was brought (sections 2902 and 2903, Code of 1887) for the wrongful act, neglect or default of any person or corporation, has no application to an action against a municipal corporation by the personal representative of one who died from a cause superinduced by neglect to take sanitary precautions on the part of the public authorities in the construction or maintenance of its gas mains, as alleged in the declaration." That ground of demurrer is abandoned here by the counsel of the city in his oral argument.

The other ground of demurrer was that the third count to the declaration did not "allege with sufficient certainty what particular mains of the city of Richmond the defendant had failed to examine for the purpose of ascertaining whether such mains were in an improper and unsafe condition."

The Franklin House, in which the plaintiff's intestate was asphyxiated, was situated on Franklin street, and was very near Governor street of the defendant city. In the first count in the declaration it is charged that the gas escaped from the main in Franklin street. In the second count it is charged that it escaped from the main in Governor street. The plaintiff could not know with certainty from what mains the gas escaped as they were laid underground, and she had no right to disturb the streets so that she could inspect them and ascertain where the leak was. That was a fact peculiarly within the knowledge of the defendant. Having charged in the first and second counts of the declaration that the gas had escaped from certain mains, those nearest to the Franklin House, the plaintiff, no doubt, out of abundant caution, not knowing precisely what the evidence would be, added the third count. While it is general, it states

sufficient facts to enable the court to say on demurrer, that if the facts stated are proved, the plaintiff is entitled to recover, and therefore states a good cause of action. *Hortenstein's admr.* v. *Va.-Carolina Ry. Co.*, 102 Va. 914, 47 S. E. 996. For if the defendant did negligently allow the gas to escape from any of its mains and injury resulted to the plaintiff's intestate therefrom, without fault on her part, it was liable in damages therefor.

The action of the court in refusing to give instruction "D" asked for by the defendant city, is assigned as error. By that instruction the court was asked to tell the jury that if Mrs. Gay knew, or ought to have known, prior to the accident, that illuminating gas was escaping into the house occupied by her, and that such gas was dangerous to life, it was her duty to have withdrawn from the premises, or to have taken other precautions for her safety, and her failure to do so was contributory negligence as a matter of law.

The evidence shows that gas had been escaping from time to time into the printing office on the first floor of the Franklin House, and also into some of the rooms on the other floors, for some three weeks prior to the asphyxiation of Mrs. Gay, and that the city authorities had been notified of that fact, and that they had made some efforts, though not very promptly nor energetically, to remedy the trouble, but had not succeeded in doing so. There was evidence tending to show that no gas had escaped into the room occupied by Mrs. Gay; that on the night she was asphyxiated her daughter visited her room twice after her mother had retired, once as late as midnight, and that upon neither occasion was gas escaping into the room. Whether or not, with knowledge of these facts and of the further fact that illuminating gas was dangerous to life, Mrs. Gay was guilty of a manifest want of ordinary care and prudence in remaining in the house, or in not taking other precautions for her safety, was

clearly a matter for the jury. (2 Shear. & Red. on Neg., sec. 696; *Holly* v. *Burton, &c. Co.*, 8 Gray, 123, 132-3, 69 Am. Dec. 233) and the court properly refused to give the instruction under consideration. The question of contributory negligence was fairly submitted to the jury by the defendant's instruction "C."

The next and remaining error assigned in the petition is to the action of the court in refusing to give instruction "G" asked for by the city. "That instruction was intended," as the city insists, "to lay down the proposition, that if the evidence showed that the abandoned sewer in Franklin street was not a city sewer, and that gas escaped into it, and from it, through a private connecting pipe, into the building, then the city was not responsible for its alleged failure properly to maintain its gas mains, for the reason that its failure was not the proximate cause of the injury complained of."

The fact that the escaping gas reached Mrs. Gay's chamber, in the manner indicated in the instruction, instead of directly from the city's gas mains, does not render its negligence any the less the proximate cause of her death, unless there was some cause intervening between the defendant's negligence and her death. And in order to excuse the defendant's negligence, this intervening cause must be either a superseding or responsible cause. To be a superseding cause, whether intelligent or not, it must so entirely supersede the operation of the defendant's negligence, that it alone, without the defendant's contributing negligence thereto in the slightest degree, produces the injury. To be a responsible cause, it must be the culpable act of a human being who is legally responsible for his act. Shear. & Red. on Neg., sec. 32; *Standard Oil Co.* v. *Wakefield's admr.*, 102 Va. 824, 832, 47 S. E. 830.

There was clearly no such intervening cause in this case, and the defendant's negligence was the proximate cause of the injury complained of.

Neither were the facts hypothetically stated in the instruction evidence of contributory negligence. Mrs. Gay was in no wise responsible for the condition of the old sewer, and if she had been she could not anticipate that the city would allow its illuminating gas to escape from its gas mains into the sewers of the city, whether they belonged to the city or to private individuals.

This question of contributory negligence was relied on in *Keeble* v. *City of Philadelphia*, 105 Penna. St. 41, in a somewhat similar case. In dealing with that question the Supreme Court of Pennsylvania used the following language: "A good deal has been said in the argument of this case about the defectiveness and untrapped condition of the plaintiff's sewer, and an endeavor has been made through it to charge him with contributory negligence. But this matter has nothing at all to do with the case. If he had a bad or imperfect branch sewer, he must run the risk of the deleterious effects of sewer gas, for that must be expected in a common sewer, but he had no right to expect that it would become a conduit for illuminating gas. As well might he expect that it would be made a storehouse for gunpowder."

The instruction was properly refused.

We are of opinion that there is no error in the judgment complained of, and that it should be affirmed.

*Affirmed.*