Moore v. Lanier—Syllabus.

SHACKLEFORD, C. J., and COCKRELL, J., concur.

TAYLOR and HOCKER, JJ., concur in the opinion.

PARKHILL, J., disqualified.

W. S. MOORE, PLAINTIFF IN ERROR, v. B. C. LANIER, DEFENDANT IN ERROR.

52 353
53 373
53 419
f53 501
53 627
55 529

52 353
56 368
56 680
f56 741

52 353
59 129
j60 144
60 440
f60 456

1. Grounds of a demurrer interposed to a declaration but not argued in the appellate court will be treated as abandoned.

2. If a declaration wholly fails to state a cause of action the appellate court may take notice of it even though there be no demurrer.

3. In an action brought to recover damages for property destroyed through the negligence of another, the declaration should allege facts showing the negligence complained of to be a proximate cause of the injury sustained.

4. Proximate cause is that which naturally leads to or produces or contributes directly to produce a result such as might be expected by any reasonable and prudent man as likely to directly and naturally follow or flow out of the performance or non-performance of any act.

5. When a person undertakes to connect a store room with a gas main by means of pipes, and in doing so carelessly and negligently permits gas to escape from the pipes into the store room and an explosion of the gas occurs

23—S. C.

therein, such negligent person is liable, in the absence of an intervening independent cause, even though the ignition was caused by some one other than the plaintiff or his agents, since, the gas, so negligently allowed to escape into the store room, was a present and directly contributing cause of the explosion; a result such as might have been expected by any reasonable and prudent man as likely to directly and naturally follow from the escape of gas into a store room.

SHACKLEFORD, C. J. and COCKRELL, J., dissenting.

6. In an action for damages in negligence cases the plaintiff is not required to negative his own negligence, but the negligence of the plaintiff is a matter to be pleaded by the defendant.

7. A declaration that alleges that the defendant contracted to connect the store room of the plaintiff with acetylene gas mains by service pipes for illuminating purposes and "well knowing that the said acetylene gas was highly explosive, did so negligently and carelessly fit, install and equip the said service pipe in the said store room that the gas escaped therefrom into the said store room, and became ignited, whereby an explosion occurred" to plaintiff damage, states a cause of action as against a demurrer assailing the declaration on the ground that it does not allege "by what means or in what manner the said gas became ignited," since if the gas was present because of defendant's negligence, and it contributed directly to the explosion, the defendant is liable even though the ignition was not caused by him. If the plaintiff or his agent or servant caused the ignition it was a matter to be pleaded by the defendant.

SHACKLEFORD, C. J. and COCKRELL, J., dissenting.

8. Where a plea of contributory negligence is erroneously stricken, but the defendant is given full opportunity un-

der the general issue to introduce evidence of contributory negligence of the plaintiff, the error is harmless.

9. Where the rulings of the court in refusing to give several separate and distinct charges are excepted to en masse the appellate court will go no further than to ascertain if any one of the charges was properly refused, and if any one of them was properly refused the assignment fails.

10. It is not error to refuse charges that do not state the correct propositions of law as applicable to the facts of the case.

This case was decided by the Court En Banc.

Writ of error to the Circuit Court for Lake County.

The facts in the case are stated in the opinion of the Court.

*J. M. Rivers,* for Plaintiff in Error;

*Hocker & Duval* and *J. B. Gaines,* for Defendant in Error.

WHITFIELD, J.:  On October 3, 1904, the defendant in error brought an action in the Circuit Court for Lake County against the plaintiff in error, the declaration as amended being as follows: "For that, on and before the 29th day of July, A. D. 1904, the plaintiff was the owner of a certain stock of goods, wares and drugs located in a certain storeroom, known as the Crescent Drug Store, on the north side of Main Street, in the town of Leesburg, which store room was then and there equipped with

certain showcases, shelves and windows, and which store-
room was then and there occupied by the plaintiff as a
tenant of one Mrs. E. M. Venable, and the plaintiff, as
such tenant aforesaid, is liable to the said Mrs. E. M.
Venable for any and all damage or injury done to said
windows; and that the plaintiff is the owner of all show-
cases and fixtures in said storeroom, and in which store-
room the plaintiff was then and there conducting a mer-
cantile business, and offering his said goods, wares and
drugs for sale; that about the middle of the said month
of July, 1904, the defendant for himself or for others
entered into a verbal agreement with the plaintiff whereby
the said defendant undertook with the plaintiff to furnish
and lay a service pipe from and connecting with the gas
mains in said Main Street of said town into the said
storeroom so occupied and used by the plaintiff, and to
properly fit, install and equip same for the purpose of
conveying or conducting acetylene gas from said gas mains
into the said store room for the purpose of illuminating the
said storeroom, for a certain reward in that behalf to be
paid by the plaintiff; that after the making of the said ver-
bal agreement by the defendant, and after he had laid the
said service pipe into and about in the said storeroom
and connected same with the gas mains in said street,
and had turned the acetylene gas into the said service
pipe, the defendant, well knowing that the said acetylene
gas was highly explosive, did so negligently and carelessly
fit, install and equip the said service pipe in the said
store room that the gas escaped therefrom into the said
store room, and became ignited, whereby an explosion
occurred, and whereby the plaintiff was greatly damaged
and injured in goods, wares and drugs to the amount of
$400.00; and whereby he was greatly damaged and injured

in showcases, shelves and windows to the amount of $300.00; and whereby the plaintiff was greatly damaged and injured in the closing of his business to the amount of $300.00. And the plaintiff claims $2,000.00 damages."

The defendant demurred to the declaration on several grounds and the demurrer was overruled. As only the fourth ground is argued here it alone is here quoted as follows: "That the plaintiff does not show or allege in his said declaration how, by what means or in what manner the said gas became ignited."

Subsequently the defendant moved the court to "require the plaintiff to state definitely and issuably in his declaration the manner in which the gas became ignited, because the declaration as now framed prejudices, embarrasses and delays a fair trial of the action in this: (a) Because it is not alleged therein that the defendant was the person liable or by whose fault the gas became ignited; (b) that it is not shown that the explosion of the gas was not the direct fault of the plaintiff; (c) that it is not shown in or by the declaration who fired the said gas or that the mere fact that the gas escaped caused it to become ignited without any direct cause or fault of any one."

This motion was overruled and the defendant excepted.

The following pleas were then filed by the defendant:

"1st. That he is not guilty as alleged in plaintiff's declaration.

2nd. That the damage, if any at all, which plaintiff suffered for which suit is here brought, was caused by and through the plaintiff's own negligence by and through his agent and employee, *Geo. Hanford*, who then and there was the direct and sole cause of the explosion of gas complained of.

3rd. That this defendant was not the cause of the

explosion and damage complained of in plaintiff's declaration, but that one *Geo. Hanford* who then and there brought fire into contact with escaping gas without any fault of negligence on the part of this defendant was the direct and approximate cause of the explosion and damage complained of in plaintiff's declaration. And plaintiff prays to be hence dismissed with his costs and charges in this behalf most wrongfully sustained."

The plaintiff's motion "to strike the defendant's second and third pleas because the said pleas set forth matters proof of which may be taken under the defendant's first plea" was granted and the defendant noted an exception. Issue was joined on the first plea and at the trial verdict and judgment were rendered for the plaintiff.

The defendant on writ of error here assigns as errors:

"1st. Because the court erred in overruling the defendant's demurrer to the plaintiff's declaration.

"2nd. Because the court erred in overruling the first ground of the defendant's motion for compulsory amendments and thereby refused to compel the plaintiff to state how the gas became ignited and who was the cause thereof.

"3rd. Because the court erred in sustaining the plaintiff's motion to strike defendant's second and third pleas and in striking said pleas.

"4th. Because the court erred in admitting over defendant's objection a paper purporting to be an estimate of the cost of putting in the store gas piping and fixtures.

"5th. Because the court erred in sustaining plaintiff's motion to strike defendant's evidence as to who piped the store, and what pipe was used.

"6th. Because the court erred in refusing to give the first, second, fourth, fifth, seventh, ninth, and tenth charges, and each of them asked for by defendant.

"7th. Because the court erred in giving the first and second charges and each of them asked for by plaintiff.

"8th. Because the court erred in giving the third charge given of his own motion.

"9th. Because the court erred in overruling defendant's motion for a new trial.

"10th. Because the court erred in overruling defendant's motion in arrest of judgment.

"11th. Because the court erred in allowing the jury to take the papers filed in evidence marked exhibits 'A' and 'B' to their jury room with them while considering their verdict.

"12th. Because the court erred in entering up a judgment against the defendant and in favor of the plaintiff for the damage alleged to have been done to the store building."

The plaintiff in error argues here only the fourth ground of the demurrer to the declaration, thereby abandoning all other grounds, consequently only the fourth ground is set out above. If the declaration wholly fails to state a cause of action this court may take notice of it, even though there be no demurrer. See Florida Cent. & P. R. Co. v. Ashmore, 43 Fla. 273, 32 South. Rep. 832.

The ground of the demurrer argued here is "that the plaintiff does not show or allege in his said declaration how, by what means, or in what manner the said gas became ignited."

It is not necessary in a case like this to allege how, by what means, or in what manner the gas became ignited where it is alleged that the defendant, well knowing that the said acetylene gas was highly explosive, did so negligently and carelessly fit, install and equip the service pipes put by the defendant in the storeroom of the plaintiff that the gas escaped therefrom into the said storeroom and became ignited whereby an explosion occurred and damaged plaintiff's property, then the demurrer was properly overruled.

In an action brought to recover damages for property destroyed through the negligence of another, the declaration should allege facts showing the negligence complained of to be a proximate cause of the injury sustained. Proximate cause is that which naturally leads to or produces or contributes directly to producing a result such as might be expected by any reasonable and prudent man as likely to directly and naturally follow and flow out of the performance or non-performance of any act. See Jacksonville, T. & K. W. Ry. v. Peninsular Land, Transp. & Manuf'g Co., 27 Fla. 1, 9 South. Rep. 661, S. C. 17 L. R. A. 33; Milwaukee and St. Paul Railway Co. v. Kellogg, 94 U. S. 469.

If the injury complained of is traceable directly to the negligence and careless escape of gas into the storeroom, although the immediate cause of the explosion was ignition, the defendant is liable under the allegations of the declaration if the injury was one that could reasonably have been expected under the attending circumstances. The declaration alleges that the store room was "equipped with certain showcases, shelves and windows * * * in which storeroom the plaintiff was then and there conducting a mercantile business, and offering his

goods, wares and drugs for sale;" that the defendant laid a "service pipe into and about in the said storeroom." The defendant therefore knew the conditions of the storeroom and from his undertaking to put in the gas connections he must be held to the exercise of due care and to have known that injury would naturally and probably follow the escape of gas into such a storeroom. The explosion caused the injury here, but if there had been no gas in the storeroom there would have been no explosion. Whether the defendant was responsible for the ignition or not is immaterial in this case since the ignition was not an intervening independent cause, but both it and the gas were present and directly contributing causes of the explosion. If the gas was present because of the negligence of the defendant as alleged in the declaration he is responsible for all the direct consequences of its presence that could reasonably have been anticipated. It cannot be said as a matter of law that ignition and explosion from some condition or cause would not naturally, probably and directly follow the escape of gas in a store room equipped with showcases, shelves and windows and used for the sale of goods, wares and drugs. If the gas was present because the defendant did negligently and carelessly fit, install and equip the service pipe in the storeroom and it became ignited without the plaintiff's negligence contributing thereto, and an explosion occurred, the defendant is liable for the damages resulting from the explosion, even though he was not responsible for the ignition. See Koelsch v. Philadelphia Co., 152 Pa. St. 355, 25 Atl. Rep. 522; Huntington Light & Fuel Co. v. Beaver, 37 Ind. App. 4, 73 N. E. Rep. 1002; Snydor v. Arnold, Ky. —, 92 S. W. Rep. 289; Pine Bluff Water & Light Co. v. McCain,

62 Ark. 118, 34 S. W. Rep. 549; Atkinson v. Goodrich Transp. Co., 60 Wis. 141, 18 N. W. Rep. 764; Consolidated Gas Co. v. Getty, 96 Md. 683, 54 Atl. Rep. 660; Koplan v. Boston Gas Light Co., 177 Mass. 15, 58 N. E. Rep. 183; 20 Cyc. 1173; Alexandria Mining & Exploring Co. v. Irish, 16 Ind. App. 534, 44 N. E. Rep. 680; Pullman Palace Car Co. v. Laack, 143 Ill. 242, 32 N. E. Rep. 285; Richmond v. Gay, 103 Va. 320, 49 S. E. Rep. 482; City Electric Co. v. Coney, 61 Ark., 381, 387.

What has been said herein disposes of the motion for compulsory amendment of the declaration, except as to the ground of contributory negligence. In this State contributory negligence is a matter of defense. There was no error in denying the motion. Louisville and Nashville Railroad Company v. Yniestra, 21 Fla. 700; City of Orlando v. Heard, 29 Fla. 581, 11 South. Rep. 182; Morris v. Florida Cent. & P. R. Co., 43 Fla. 10, 29 South. Rep. 541.

Even if the court erred in striking the second plea on the ground that contributory negligence could be shown under the general issue, the defendant was given full opportunity under the general issue to introduce evidence on the subject of the contributory negligence of the plaintiff, and consequently he cannot complain here.

The third plea does not connect the plaintiff with the act of the third person named therein, and even if this third person did cause the ignition it does not, upon the principles above announced, relieve the defendant of his responsibility for the presence of gas because of his negligence which was a directly contributing cause of the explosion. The issue tendered by the third plea was immaterial.

The sixth assignment of error is: "Because the court

erred in refusing to give the first, second, fourth, fifth, seventh, ninth and tenth charges and each of them as asked by the defendant."

If any one of these refused charges was properly refused this assignment fails under the rule where two or more distinct charges are embraced in one assignment of error as stated in McCoggle v. State, 41 Fla. 525, 26 South. Rep. 734; Maloy v. State, 52 Fla. 101, 41 South. Rep. 791.

The refused charge numbered one contains the proposition that unless it be proven that the defendant was responsible for the ignition as well as for the presence of the gas the verdict should be for the defendant. This is in conflict with the principles announced above, and the charge was properly refused.

The next assignment of error covers two separate charges given at the request of the plaintiff and if any of them was properly given the assignment fails. One at least, if not both of the charges referred to in this assignment, was in accord with the law stated above, and was properly given, therefore the assignmnet was not well taken.

The other charges complained of conform to the principles herein announced and no reversible errors appear therein.

There is evidence to sustain the verdict.

This disposes of all the questions argued.

The judgment is affirmed.

TAYLOR and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL, J., dissent.

HOCKER, J., disqualified.

SHACKLEFORD, C. J. ( *dissenting*) :

I prepared an opinion in this case, in which, however, a majority of the members of the court could not concur. I then gave the points of difference a still more thorough investigation, but still found myself unable to reach a different conclusion. The foregoing opinion prepared by Mr. Justice Whitfield sets forth the views of a majority of the court, and therefore is the opinion of the court. I feel that it is incumbent upon me to state the reasons which impel me to a different conclusion, though I shall do so briefly. I have had occasion to set forth somewhat at length my views concerning declarations and demurrers in an opinion in the case of Atlantic Coast Line Railroad Company v. Benedict Pine Apple Company, decided at this term, which, like the instant case, is an action *ex delicto,* based upon the alleged negligence of the defendant. The opinion prepared in that case also failed to receive the concurrence of a majority of the court, and, therefore, simply represents my individual views. Much of what I said therein applies with equal force to the instant case, and, instead of repeating it, I simply refer to that opinion.

Turning to the declaration and the ground of the demurrer urged against it, what do we find? We might well apply the language used by this court in Florida Central & P. R. Co. v. Ashmore, 43 Fla. 272, text 281, 32 Southern Rep. 832, text 835: "A careful examination of the declaration in the present case will reveal a looseness of statement as to several matters not embraced in the specific grounds of the demurrer (which are argued here) that are apparently matters of substance, but under the

rule stated the consideration of the demurrer will be confined to the points stated and argued."

It is undoubtedly true, as contended by the defendant in error, that "in actions where negligence is the basis of recovery it is not necessary for the declaration to set forth the facts constituting the negligence, but an allegation of sufficient acts causing injury, coupled with an averment that they were negligently done will be sufficient." Consumers' Electric Light & St. R. Co. v. Pryor, 44 Fla. 354, 32 South. Rep. 797, and authorities therein cited. Also see Louisville & N. R. Co. v. Jones, 45 Fla. 407, 34 South. Rep. 246. It is equally true, as is stated in Consumers' Electric Light & St. R. Co. v. Pryor, 44 Fla. 354, text 381, 32 South. Rep. 797, text 805, "It must appear from the direct averments of the declaration that the acts of the defendant causing the injury were negligently done, or, as is attempted by the declaration before us, it must appear from a statement of such facts as certainly raise the presumption that the injury was the result of defendant's negligence." In other words, it must appear from the declaration that the negligence of the defendant was the proximate cause of the injury, for, although the defendant may have been guilty of negligence, yet if the specific act of negligence complained of was not the proximate cause of the injury, the plaintiff can not recover. Florida Cent. & P. R. Co. v. Williams, 37 Fla. 406, 20 South. Rep. 558; Savannah, F. & W. R. Co. v Cosens, 46 Fla. 237, 35 South. Rep. 398. The case of McGahan v. Indianapolis Natural Gas Co., 140 Ind. 335, 37 N. E. Rep. 601, S. C. 29 L. R. A. 355, cited by the plaintiff in error, seems to be in point. Also see note beginning on page 337 of 29 L. R. A.; Koelsch v. Philadelphia Co., 152 Pa. St. 355, 25 Atl. Rep. 522, S. C. 18 L. R. A. 759. For an instructive article

on acetylene, its properties, illuminating power and its highly explosive quality, see Vol. 1 of the New International Encyclopaedia, 69. An analysis of the declaration discloses that it alleges that the gas escaped through the negligently and defectly constructed pipe, "and became ignited, whereby and explosion occurred," etc. It is not alleged that the explosion caused the ignition, but that the ignition caused the explosion, and it fails to connect the defendant in any way with the ignition. I do not judicially or personally know that acetylene spontaneously ignites and, even if such be a fact, there is no allegation to that effect in the declaration. Bearing in mind the legal principles I have already set forth and the further principle, which is settled law here, that a pleading is to be most strictly construed against the pleader thereof, I am impelled to the conclusion that the declaration is fatally defective and fails to state a cause of action against the defendant.

It may be that the ground of demurrer urged here against the declaration is not as definite and specific as it should be, as to which see my opinion in Atlantic Coast Line Railroad Company v. Benedict Pine Apple Company, *supra,* and the authorities therein cited. Be that as it may, as was said by this court in Florida Central & Peninsular R. R. Co. v. Ashmore, 43 Fla. 272, 32 South. Rep. 832. "If the declaration omits to allege any substantial fact which is essential to a right of action and which is not implied in or inferable from the finding of those which are alleged," this court can extend its examination and take notice of such fundamental defect. Also see State *ex rel.* Kittel v. Trustees I. I. Fund, 47 Fla. 302, text 306, 35 South. Rep. 986, 988. In my opinion, the declaration in the instant case is as fatally defective as was the

declaration in the case of Duval, Receiver, v. Hunt, 34 Fla. 85, 15 South. Rep. 876, of which this court said, 34 Fla. 91, 15 South. Rep. 878, "Had the declaration been demurred to we have no hesitancy in saying that we would have been compelled to hold that it was entirely insufficient in its allegations as to the negligence charged against the defendant. While it is not necessary in a declaration to set out in minute detail all the facts which tend to establish the negligence complained of, yet it is requisite, in all cases of this kind, to allege facts sufficient to point out the wrongful act of commission or omission that constitutes the negligence relied upon for recovery, in order that the defendant may know what he is called upon to answer, and that the court may be able to say upon the pleading, whether that which is set up and relied upon as negligence constitutes negligence in law."

As was said in Seale v. G. C. & S. F. Ry. Co., 65 Tex. 274, text 277, "The subject of proximate and remote cause, as applied to injuries resulting from negligence, has undergone frequent adjudications in the English and American courts, and the result has been a diversity of decisions, from which but few general principles concurred in as correct can be extracted." As was further said, on page 278, "It is upon the question of what consequences are the natural and probable result of the wrongful act, or might have been anticipated as such, that the decisions diverge, and in some cases become irreconcilable with each other. It is generally held, however, that if, subsequent to the original wrongful or negligent act, a new cause has intervened, of itself sufficient to stand as the cause of the misfortune, the former must be considered as too remote." The entire case is instructive.

The declaration is absolutely silent as to the quantity

of the gas which escaped from the pipe into the storeroom; it does not even intimate that it escaped in a sufficient quantity to produce or cause an explosion. Taking all the allegations in the declaration in their entirety, could it be held that the escape of gas into an open storeroom in which plaintiff was actively conducting a mercantile business, would be likely to be in such quantity as to produce an explosion? Could it be said that such a consequence was the natural and probable result, or could have been anticipated? I think not. As an example, a short time ago we had a strong olfactory demonstration of escaping gas from a defective pipe, in the library of this court, and it went on for some days before the leak could be discovered and remedied by the gas company, but neither ignition nor explosion resulted therefrom as a consequence or "natural and probable result."

I have no desire to prolong this opinion or to burden it with citation of authorities. I have said enough to show why I think the demurrer should have been sustained to the declaration. It is unnecessary for me to express any opinion upon the other points.

I am authorized to say that Mr. Justice Cockrell concurs in the views herein expressed.