GEORGE KOUTSOUNADIS

V.

MARK ANTHONY ENGLAND

Record No. 871339

June 9, 1989

Present: All the Justices

*Calvin Steinmetz (Isicson, Steinmetz & Weinberg*, on briefs), for appellant.

*Kevin L. Locklin (Slenker, Brandt, Jennings & Johnston*, on brief), for appellee.

Justice Thomas delivered the opinion of the Court.

On November 13, 1986, George N. Koutsounadis (Koutsounadis) sued Mark A. England (England) for personal injuries allegedly sustained when Koutsounadis' automobile struck England's automobile, which was stopped and unlit, blocking a portion of the left lane of I-395 South in Fairfax County in the early morning hours of November 9, 1985. Koutsounadis alleged that England was responsible for the collision because England had negligently fallen asleep on the interstate and had struck a vehicle driven by one Henry George Moser, Jr. Koutsounadis alleged further that England's collision with Moser left England's car disabled in the left lane of the interstate highway, where it was struck by a vehicle driven by Dawna Blake and then struck by

Koutsounadis' vehicle. Koutsounadis alleged that England's negligence

> included, but was not limited to, failing to keep proper attention; reckless driving; failing to keep a proper lookout for vehicles lawfully operating in the vicinity; failing to have proper regard for the persons and property of others so situated; failing to put out flares on highway; and failing to keep proper control of his vehicle.

Koutsounadis intended, when the case was tried, to adduce evidence establishing the sequence of events in which England was involved leading up to Koutsounadis' collision with England's vehicle. In addition, Koutsounadis intended to prove that England had pled guilty to a charge of reckless driving stemming from his having fallen asleep on the highway.

England filed a motion in limine in which he requested the trial court to declare inadmissible "[a]ny reference to the fact that the defendant was charged with a traffic infraction;" "[t]he fact that he had been involved in another accident just prior to this one occurring;" and "[a]ny reference to specific facts regarding the prior accident." Prior to trial, the motion in limine was denied without prejudice to being raised at trial.

The motion was raised anew at trial. This time, the trial judge sustained the motion: "The motion in limine is granted as to any reference to the first accident or any plea as to a traffic infraction or traffic misdemeanor with respect to the first accident and any specific facts regarding the prior accident." Koutsounadis' motion for reconsideration was denied. The trial court explained its view of the case as follows:

> In this particular case as I see it the issue for the jury to determine is what happened after the incident as to whether or not the defendant was negligent in removing his automobile from the highway or whatever else he might have done at the time.
>
> . . . .
>
> You can ask him the questions about what he did before and so forth but not the accident and not the traffic infraction . . . .

Koutsounadis' appeal is based on the trial court's ruling on the motion in limine. Although the trial court did not set forth the grounds for its ruling, Koutsounadis characterizes the trial court's decision as a ruling that, as a matter of law, England's conduct, which resulted in his car coming to rest in the left-hand lane of I-395, was not the proximate cause of Koutsounadis' accident. Koutsounadis contends that this ruling was erroneous for two reasons: (1) because of the "law of the case" doctrine, the trial judge was without power to change the ruling of the judge who had denied the motion in limine; (2) because under the facts and circumstances of this appeal, proximate causation was a jury question. In our view, we need only resolve the second issue to decide this case.

In his motion for judgment, Koutsounadis made clear that his theory of negligence was based on the chain of events which started with England's striking Moser's automobile and continued through the entire sequence of events leading up to Koutsounadis' collision with England's stalled vehicle. The trial court, in effect, eliminated much of Koutsounadis' theory of the case when it ruled that the only pertinent facts concerned what happened *after* England's car was stopped without power or lights in the left-hand lane of the highway. In simple terms, Koutsounadis claimed that England was negligent in first causing his car to become stalled on the highway *and* in leaving it there. However, Koutsounadis submits that the trial court transformed the case into one of negligence solely in leaving the vehicle in the left lane. Koutsounadis was entitled to adduce evidence in support of his theory unless, as a matter of law, England's conduct in causing his vehicle to come to rest in the left lane of the highway was not the proximate cause of the Koutsounadis collision.

 The principles concerning determination of proximate causation are well developed in the Commonwealth. Proximate causation refers to closeness or nearness in causal connection; it is the cause which produces the injury and without which the injury could not have happened. *Appalachian Power Co. v. Hale*, 133 Va. 416, 426, 113 S.E. 711, 713 (1922). In order for a cause to be a proximate cause, there must be a causal connection by natural and unbroken sequence between the negligence complained of and the injury suffered; there must not exist any intervening efficient cause or causes. *Wallace v. Jones*, 168 Va. 38, 42, 190 S.E. 82, 84 (1937). "[A]n intervening cause relied upon as interrupting the sequence of events following a negligent act must not itself be a

happening that ought to have been foreseen." *Scott v. Simms*, 188 Va. 808, 817, 51 S.E.2d 250, 253 (1949) (citation omitted). Moreover, in order for an intervening cause to cut off the negligence put in operation by the defendant, " 'it must so entirely supersede the operation of the defendant's negligence that it alone, without the defendant's contributing negligence thereto in the slightest degree, produces the injury.' " *Id.* at 817, 51 S.E.2d at 253-54 (quoting *Richmond v. Gay*, 103 Va. 320, 324, 49 S.E. 482, 483 (1905)).

■ In *Scott*, we explained why questions of proximate causation are generally for the jury. We stated that "whether there is a causal connection between negligence and accident is a question of fact." *Scott*, 188 Va. at 816, 51 S.E.2d at 253. We added that it is the province of the jury to look at a succession of facts and events and to decide whether those facts and events are naturally and probably connected with each other in a continuous sequence, or whether they are broken apart by new and independent forces. *Id.* at 819, 51 S.E.2d at 254.

■ Further, in *Scott*, we paid particular attention to the question of proximate causation in a situation where the consequence of a negligent act has come to rest in a dangerous position. We quoted the following language from a pertinent law review article:

"If the defendant's active force has come to rest, but in a dangerous position, creating a new or increasing an existing risk [of] loss, and the foreseen danger comes to pass, operating harmfully on the condition created by defendant and causing the risked loss, we say that the injury thereby created is a proximate consequence of the defendant's act."

*Id.* (quoting Beale, *The Proximate Consequences of an Act*, 33 Harv. L. Rev. 633, 650 (1920)).

■ In light of the foregoing principles, we are of opinion that the issue of proximate causation in this case could not be resolved as a matter of law. The consequence of England's negligently falling asleep and striking Moser's automobile was that England's car came to rest in a dangerous position. We cannot conclude, as a matter of law, that it was unreasonable for England to foresee that other vehicles might collide with his darkened, dangerously positioned vehicle. Nor do we see where any other events intervened to cut off England's initial act of negligence in falling

asleep; therefore, it could not be said that England's initial negligence did not contribute "in the slightest degree" to the Koutsounadis collision.

■ As noted above, the trial court also refused to permit Koutsounadis to prove that England had pled guilty to a charge of reckless driving stemming from his falling asleep at the wheel. The trial court's ruling in that regard was contrary to Code § 8.01-418, which provides in pertinent part as follows:

> Whenever, in any civil action, it is contended that any party thereto pled guilty . . . in a prosecution for a criminal offense or traffic infraction which arose out of the same occurrence upon which the civil action is based, evidence of said plea . . . as shown by the records of the criminal court *shall* be admissible.

(Emphasis added.) The statute plainly required the trial court to admit into evidence England's guilty plea to reckless driving.

In light of all the foregoing, we hold that the trial court erred in granting the motion in limine which precluded the plaintiff from adducing evidence of the defendant's guilty plea and of the chain of events beginning with England's negligently falling asleep and ending with the Koutsounadis collision. Therefore, we will reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.

*Reversed and remanded.*