JUSTICE COMPTON,
with whom CHIEF JUSTICE CARRICO and JUSTICE STEPHENSON join, dissenting.
“The principle of tort litigation that issues of negligence and proximate cause ordinarily are questions of fact for the jury applies with no less force to medical malpractice cases.” Brown v. Koulizakis, 229 Va. 524, 531, 331 S.E.2d 440, 445 (1985).
In the context of proximate cause, and the subject of intervening and superseding negligence, there is usually a succession of events that are more or less dependent upon those preceding. It is the province of a jury to examine this succession of events and to ascertain whether those events or facts are “naturally and probably connected with each other in a continuous sequence, or whether they are broken apart by new and independent forces.” Koutsounadis v. England, 238 Va. 128, 132, 380 S.E.2d 644, 647 (1989). Accord Scott v. Simms, 188 Va. 808, 819, 51 S.E.2d 250, 254 (1949).
*131 In the present case, the defendants should have been permitted to present to the jury their evidence demonstrating that Dr. Roth-man’s negligent conduct was the sole proximate cause of the decedent’s death. Based on this record, the jury properly could have concluded that Rothman was negligent in failing to diagnose the decedent’s breast cancer on October 21 and November 8, 1991, and again on April 2, 1992. Further, the jury could have concluded that the decedent’s last opportunity for survival from the cancer was before June 1992. The last health care provider to see her before that date was Dr. Rothman, who saw her on April 2, 1992. If the jury believed that the decedent was curable in October or November 1991, then Dr. Rothman’s negligence in missing the breast cancer diagnosis at that time became the sole proximate cause of the decedent’s death. Moreover, if the jury believed the trial testimony that the decedent was still curable three to six months prior to her cancer diagnosis in December 1992, then the negligence of Dr. Rothman, as the relevant treating physician during that June-September period after the April 2, 1992 visit, was the sole proximate cause of the decedent’s death.
Thus, I believe the trial court erred in ruling that the defendants could not present evidence, or comment upon, Dr. Roth-man’s medical negligence as the sole proximate cause of the decedent’s death. In other words, the trial court improperly refused to permit the jury to consider whether Dr. Rothman’s negligence intervened between the defendants’ negligent acts and the death so as to supersede the operation of defendants’ fault.
I would reverse the judgment below, remand the matter for a new trial, and allow the defendants to present evidence in support of their theory of the case.