## Staunton.

### Coy B. Kaylor v. The Quality Bread and Cake Company, Inc.

September 12, 1930.

Absent, Holt, J.

*Chalkley & Camblos,* for the plaintiff in error.

*Morton & Parker* and *George L. Taylor,* for the defendant in error.

Epes, J., delivered the opinion of the court.

This is an action brought by notice of motion for judgment by Coy B. Kaylor against The Quality Bread and Cake Company, Inc., to recover $10,000 damages for personal injuries to Coy B. Kaylor and for damages to his automobile alleged to have resulted from a collision of an automobile belonging to the defendant company with an automobile owned and driven by Kaylor. Defendant's automobile was being driven by Minton, a servant of the defendant who was at the time in the performance of defendant's ·business, and the collision is alleged to have been caused by the negligence of said Minton.

The notice of motion for judgment alleges with particularity such a case of negligence on the part of Minton that the defendant is, if the allegations be proven, clearly liable for the natural and probable consequences of the negligence of Minton in running the automobile driven by him against that of the plaintiff.

The notice of motion for judgment contains but one count; and the case was heard and determined in the trial court on the plaintiff's notice of motion for judgment and the defendant's demurrer thereto. The court sustained the demurrer and dismissed the action, to which judgment of the court a writ of error has been granted to Kaylor.

It appears from the notice that the collision here in question occurred on March 16, 1929, on a long narrow bridge over the south fork of Powell's river on the highway

leading from the town of Big Stone Gap to East Stone Gap. This bridge is approximately seventy-two feet long and eleven feet wide, and is too narrow for cars to pass thereon. Kaylor was driving an automobile going from west to east. Minton, the servant of the defendant, was driving an automobile belonging to the defendant and was proceeding from east to west. Kaylor reached the west end of the bridge and had driven on it before Minton reached the east end of the bridge. The point at which the collision occurred is approximately fifty-five feet from the west end and seventeen feet from the east end of the bridge. Thus Kaylor had traversed over three-fourths of the length of the bridge at the time of the collision.

After alleging a plain case of negligence on the part of Minton, defendant's servant, the collision which resulted therefrom, and that in and because of said collision the two cars were "hung and interlocked together," the car of Kaylor "being strained and taut," the notice further alleges as follows:

"The undersigned further says that immediately after the happening of the collision aforesaid and while the said cars were so hung together or interlocked he, the undersigned, got out of his car on the left-hand side thereof, and without negligence on his part, placed his right hand and wrist upon the panel of the left-hand door thereof, the glass in said door being down in the slot or groove therein.

"At or about the same time your said agent, employee and servant, admitting his said negligence, took control of the situation, did not consult nor advise with the undersigned relative thereto, but got out of your said automobile which he was driving and looked between the cars where they had collided, and made no further examination of their relative positions and conditions; and immediately without warning or notice to the undersigned got back into your said automobile, put the same in reverse gear

and continuing in such negligent driving and operation thereof made attempts to so operate and control your said automobile as to pull and jerk it loose from undersigned's automobile.

"Whereupon, because of such continuous negligent operation by your said agent, servant and employee, and as a result of the strained and taut condition of undersigned's automobile, which was unknown to the undersigned, the proximate cause of which was the action and doing of your said agent, employee and servant above set forth and of the careless and negligent further operation and acts of your said agent and employee, a part and piece of the glass so situate in the door of the undersigned's automobile was snapped and broken off from the remainder thereof with great force and violence and with great force and violence was precipitated and jerked to and into the undersigned's right hand and wrist severely cutting and wounding same and severing the tendons, arteries and nerves therein and therethrough, and otherwise greatly cutting, wounding and bruising and injuring the undersigned in and about his right hand, wrist and arm and other parts of his body, and the said undersigned has so remained for a long time and still so remains; and is thereby permanently injured and has lost the use of his said right hand and wrist."

The first question presented by this record to this court, and it may be said the sole question presented to the court in the briefs and argument of counsel, is:

Under the state of facts alleged in the notice, were the property damage and the personal injuries alleged to have been suffered by Kaylor the natural and probable consequences of the negligence of Minton which caused the collision, flowing therefrom in such a natural, continuous and unbroken sequence of events that the defendant is liable therefor even though his servant was guilty of no further act of negligence after the collision took place?

The notice may be fairly construed to allege that Kaylor's automobile was damaged in the collision itself and this item need not be further considered here.

As to the personal injuries alleged to have been suffered by Kaylor, it is plain from allegations of the notice that they were not received in the collision, but in the subsequent attempt of Minton to separate the cars. But the plaintiff in error contends that the negligence of Minton which caused the collision of the two cars was the proximate cause of the personal injuries he suffered at the time Minton was attempting to separate the two cars.

The law applicable to this question has been so often stated that it needs no further discussion. The question here is not a question of what is the law, but a question of the application of the law.

Had these two cars been left until the next day in the position in which they were immediately after the collision, and then Kaylor and Minton had returned to the scene of the collision, and Minton had attempted to separate the cars and Kaylor had been injured in the manner he here alleges, it would seem to be plain that Kaylor's personal injuries could not be said to have been a natural and probable consequence of the collision, flowing therefrom in a natural, continuous and unbroken sequence of events.

Proximity of time in such cases is of no importance excepting so far as it may afford evidence for or against proximity of causation; and under the facts plead in this case the act of undertaking to separate these two cars was as separate and independent of the collision itself as if the cars had been left there untouched until some hours or even days afterwards. Under the facts alleged in the notice the collision caused by Minton's negligence was merely the condition or occasion offering opportunity for other events to produce the injury. Neither the acts of negligence which

caused the collision, nor the collision itself, çan properly be said to have been the proximate cause of the personal injury to Kaylor.

So far as personal injury to Kaylor from an attempt of Minton or anyone else to separate the cars was concerned, under the facts here alleged, the natural and probable consequence of the negligence had ended before the attempt was made to separate the cars. The chain of responsible connection had come to an end before Minton attempted to separate the cars. In order to sustain a recovery for the injuries here alleged, the plaintiff must allege and prove some new act of negligence committed by Minton in and about his attempt to separate the cars.

■ Though from the argument of counsel the theory of the plaintiff seems to be that the defendant is liable for the personal injuries to Kaylor because of the original negligence of its servant, Minton, which caused the collision, even though there was thereafter no other act of negligence on the part of Minton, which theory we have above held to be untenable under the facts alleged; yet the notice alleges that Minton *"continuing in such negligent driving and operation"* of defendant's car attempted to separate the cars; and that "because of such continuous negligent operation" * * * *"and of the careless and negligent further operation and acts"* of Minton in trying to separate the cars Kaylor was injured.

On demurrer, we think that the language of the notice is properly construed to charge that after the collision had taken place, Minton negligently and carelessly, without exercising due care in doing so, attempted to separate the two cars, which said subsequent negligence, operating under a condition created by the original negligence which caused the collision, resulted in causing the injuries suffered by Kaylor.

This conclusion brings us to the question which, though

not argued by counsel for either of the parties, we deem conclusive of this case, which is:

■ Does the notice allege with sufficient certainty to be good on demurrer that after the collision had taken place Minton, in attempting to separate the cars, committed an act of negligence which caused the personal injuries to Kaylor?

In enacting the Code of 1919, the General Assembly, adopting the report of the revisors, added to the section (3272, Code 1904) relating to what defects are not to be regarded on demurrer, the following language:

"Nor shall a demurrer be sustained to a declaration alleging negligence of defendant because the particulars of the negligence are not stated, but such particulars may be demanded by the defendant under section 6091." (See section 6118, Code 1919.)

This amendment made a radical change in the law of procedure where the notice or declaration charges negligence under a general averment of negligence, without stating the particulars thereof or specifying the act or acts of negligence relied upon.

In *Bryant* v. *Fox*, 135 Va. 296, 116 S. E. 459, 461, the allegations in the notice read, that the defendant's employee "did negligently and recklessly run into and collide with one John A. Fox, now deceased, who was riding a motor cycle on the overhead bridge on Washington street extended, near the city of Alexandria, Virginia." The court, in its opinion delivered by Prentis, J., in sustaining the lower court in overruling a demurrer to the notice upon the ground that the negligence was insufficiently charged, says:

"However it may have been theretofore, since the Code of 1919 became effective such an allegation is sufficient, for the last clause of Code, section 6118, expressly prohibits a court from sustaining a demurrer 'to a declaration alleging negligence of defendant because the particulars of

the negligence are not stated, but such particulars may be demanded by the defendant under section 6091.' The note of the revisors is to the effect that this clause is new and purposely changed the former rule." See also *Kelly* v. *Schneller*, 148 Va. 573, 139 S. E. 275.

In view of this provision of section 6118 and the construction placed thereon by this court in the case of *Bryant* v. *Fox's Admr.*, *supra*, the notice here in question was sufficient on demurrer to allege a cause of action against the defendant for acts of negligence committed by his servant, Minton, in and about his attempt to separate the cars after the collision; or, perhaps it would be more accurate to say that the notice contains a general averment that Minton was negligent in attempting to separate the cars, and that if the specific acts of negligence charged or the particulars of the negligence charged are not stated in the notice with sufficient definiteness and certainty the defect cannot be taken advantage of by demurrer, but the defendant should have called for a bill of particulars under the provisions of sections 6118 and 6091 of the Code of Virginia, 1919.

This does not mean, however, that the plaintiff may, under the provisions of section 6118, force a defendant into a trial upon the evidence upon a general averment alleging that the defendant has been negligent, without alleging any specific act which he charges to have constituted the negligence of the defendant. In such a case, if the defendant calls for a bill of particulars and the bill of particulars filed, when read in conjunction with the notice or declaration, fails to set forth with reasonable certainty and particularity any specific act of negligence charged and sufficient facts with reference thereto to enable the court to say that if the facts set forth be proven substantially as alleged, the defendant has been guilty of some specific act of negligence for which the plaintiff is entitled to recover, the defendant may move the court to strike out the bill

of particulars and exclude all evidence tendered by the plaintiff. Of course, except as to such acts of negligence as are set forth in his notice or declaration the plaintiff will be confined to such acts of negligence as are set forth in his bill of particulars.

As said by Burks, J., who was one of the revisors of the Code of 1919, in his address on the revision of the Code of 1919, 5 Va. L. Reg. (N. S.) at page 124:

"Manifestly, the particulars of the negligence should be stated in the declaration, as it is information to which the defendant is clearly entitled; but it occurred to the revisors that it would expedite matters and be in the interest of substantial justice to provide that a demurrer shall not be sustained to a declaration because the particulars of the negligence are not stated, but that the particulars may be demanded by the defendant under the section concerning bills of particulars generally," *i. e.*, section 6091, Code Va. 1919.

For the reasons above stated the judgment of the trial court sustaining the demurrer to the notice of motion for judgment must be reversed, and the case remanded to the trial court.

*Reversed.*