# Wytheville

### Isaac Williams v. Ernest L. Greene, Administrator of the Estate of Georgia A. Greene, Deceased
### and
### Ernest L. Greene, Administrator of the Estate of Georgia A. Greene, Deceased v. Norfolk Southern Bus Corporation.

June 14, 1943.

Record No. 2674

and

Record No. 2675.

Present, All the Justices.

The opinion states the case.

*White & Davis*, and *Leonard H. Davis*, for the plaintiff in error, Isaac Williams.

*Rixey & Rixey*, for the defendant in error, Greene.

*Rixey & Rixey*, for the plaintiff in error, Greene.

*W. R. Ashburn*, for the defendant in error, Norfolk Southern Bus Corp.

EGGLESTON, J., delivered the opinion of the court.

These two petitions for writs of error are based on a single record and arise out of a collision in which three motor vehicles were involved. The collision occurred at about 5:35 p. m. on December 6, 1941, on the highway which runs eastwardly from Norfolk to Virginia Beach. Georgia A. Greene was riding as a passenger in a car driven by her husband, Ernest L. Greene, which was proceeding westwardly toward Norfolk. As the Greene car approached the point of collision a truck driven by Isaac Williams entered the highway from a private lane to the south, and was being maneuvered or turned westward for the purpose of proceeding toward Norfolk. While attempting to pass this truck the Greene car came into collision with an east-bound bus of the Norfolk Southern Bus Corporation. Neither vehicle struck the truck.

Mrs. Greene was killed in the collision. Her administrator instituted suit in the court below against Norfolk Southern Bus Corporation, the owner and operator of the

bus, and Isaac Williams, the driver of the truck, alleging that the collision was due to the joint negligence of the drivers of the two vehicles. Howard Thomas and E. V. Williams were likewise joined as defendants under the theory that Isaac Williams, the driver of the truck, was at the time their agent or employee. However, during the progress of the trial the suit was dismissed as to them, and hence no question of their liability is here involved.

The case was tried before a jury which found for the defendant, Norfolk Southern Bus Corporation, and against the defendant, Isaac Williams. The jury were instructed that if they believed from the evidence that Ernest L. Greene was guilty of any negligence which caused or proximately contributed to the accident, he would not be entitled to share in any recovery which the jury might assess against the defendants, or either of them. Since the verdict allotted no part of the damages to Greene, it is conceded that the effect of the finding was that the collision was proximately due to the joint negligence of Greene, the operator of the car in which the decedent was riding, and Williams, the operator of the truck. The lower court entered judgment on the verdict.

Before us Isaac Williams complains of the lower court's action in entering judgment against him, while Greene, administrator, complains of its action in entering judgment in favor of the defendant, Norfolk Southern Bus Corporation. Both petitioners also complain of several rulings of the lower court on the instructions granted and refused.

It is agreed that the collision occurred on a straight stretch of the highway which is paved to a width of thirty feet, with three traffic lanes of ten feet each plainly marked on the pavement. The evidence also shows, without contradiction, that each of the vehicles was properly equipped with lights which were burning at the time. All parties likewise agree as to the other physical facts which we have detailed.

Greene's story is this: That as he was driving his car in a westerly direction in the northern lane of the road, at

about thirty-five miles per hour, he observed the Williams truck backing into the highway from the south; that the truck appeared to come to a stop at right angles across the highway, blocking both the southern and the center lanes; that he (Greene) slackened his speed but did not then apply his brakes; that when he had almost reached the rear end of the truck the eastbound bus of the Norfolk Southern Bus Corporation suddenly turned to its left, came across the road into the northern lane, and passed around the rear of the truck, directly in the path of his (Greene's) car; that thereupon he (Greene) applied his brakes, cut his car sharply to his left and, as the bus was in the act of turning back to its right, the two vehicles collided in the center of the highway, the front of the bus striking the Greene car on its right-hand side; and that the momentum of the bus pushed the Greene car down the highway, across the south lane, and off the southern edge of the pavement. Greene's account as to how the accident occurred is not corroborated by a single other witness.

The bus driver testified that as he approached the scene of the collision, having just discharged a passenger, his vehicle had not gained full momentum and was traveling at about thirty-five miles per hour; that he saw the truck, some distance ahead of him, backing out of the driveway; that he removed his foot from the accelerator, slowed down, and allowed the truck to get across the highway and straighten out in the northern lane, where it stopped momentarily, heading westwardly toward Norfolk; that just as he was in the act of passing the truck, which was entirely in the northern lane and presented no hazard to his bus, which was entirely in the southern lane, suddenly the Greene car cut sharply to its left from behind the truck and came into the southern lane and into the path of the bus at a point so near that it was impossible for him (the bus operator) to stop or change the course of his vehicle in time to avoid a collision; and that the right front of the bus, which was never out of the south lane, struck the right side of the Greene car after the latter had crossed the center lane

and was headed diagonally to its left across the southern lane or the path of the bus. The momentum of the bus dragged or carried the Greene car some eighty feet down the highway.

The testimony of the bus driver is corroborated by that of several passengers on the bus. The skid marks made by the tires of the Greene car likewise support the driver's testimony as to the direction taken by the Greene car and the point where the collision occurred. The physical damage to the two vehicles corroborates his statement as to the manner in which they collided.

The testimony of Isaac Williams accords with that of the operator of the bus except in one important particular. Williams testified that the truck did not back out of the lane onto the highway, but was driven out, "front first." He testified that before entering the highway he stopped, looked both ways, saw the lights of the approaching bus, quite a distance to his left, and the lights of the more distant Greene car to his right; that realizing that he had ample time to cross the highway without danger of colliding with either vehicle, he drove across the road into the northern lane and headed his truck westwardly toward Norfolk; and that just as he had straightened out on this latter course, he heard the "squeal" of the brakes on the Greene car, looked in his mirror and saw that car turn sharply to its left, go across the road and into the path of the oncoming bus.

Whether the accident occurred in the manner detailed by Greene or in the manner described by the other witnesses was, of course, a jury question. Manifestly the jury has not accepted Greene's story that the bus left its southern lane, came over into the northern lane, and attempted to go around the rear of the truck. Indeed, counsel for Greene's administrator, in the argument before us, frankly admitted that after due consideration he had come to the conclusion that Greene's version of this phase of the accident was not correct.

But counsel for the administrator insists that there is other evidence in the record upon which the jury, under proper

instructions, might have found a verdict against the Norfolk Southern Bus Corporation. Hence, he says the court erred in granting Instruction No. 1-A, which, in effect, told the jury that there was no evidence establishing any negligence on the part of the defendant, Norfolk Southern Bus Corporation, except the testimony of Greene, detailing the manner in which he said the bus had undertaken to pass the truck, and that unless the jury believed from the evidence that the operator of the bus had undertaken to pass the truck in this manner, they should find for the defendant, Norfolk Southern Bus Corporation.

This instruction is attacked on the ground that it was granted under the rule laid down in *Massie* v. *Firmstone*, 134 Va. 450, 462, 114 S. E. 652, and subsequent cases, that a plaintiff is bound by his own testimony given at the trial. Counsel for the administrator says that this rule does not apply where, as here, the plaintiff is suing in a representative capacity and for the benefit of others.

We need not stop here to restate the doctrine laid down in *Massie* v. *Firmstone, supra,* or to discuss its limitations as applied to a party who is suing in a representative capacity. We find in the record nothing to support the contention that the instruction was given on the theory referred to. On the contrary, it was given on the theory that the only evidence which tended to establish any negligence on the part of the Norfolk Southern Bus Corporation was the testimony of the witness, Greene, as to the manner in which he said the bus had undertaken to pass the truck. The jury were simply told that if they believed Greene's story they should find that the operator of the bus was negligent, while, on the contrary, if they did not accept his story, since there was no other evidence of negligence on the part of the bus driver, they should exonerate him from negligence. The plain purpose of the instruction was to define or limit the precise question to be determined by the jury with respect to the actionable negligence of this defendant. Instructions of this character are frequently given and have been often approved by this court. As Judge

Keith said in *Norfolk Southern R. Co.* v. *Norfolk Truckers' Exch.*, 118 Va. 650, 655-6, 88 S. E. 318, when there is no evidence of negligence "it is everyday practice so to state to the jury."

But counsel argues that aside from Greene's testimony there was evidence of actionable negligence on the part of the bus driver. He contends that when the latter saw the truck backing across the highway, and when he saw the lights of the approaching Greene car, he should have anticipated that the maneuver of the truck had placed or was about to place the operator of the Greene car in a position of peril; and that the bus driver should have slowed down his vehicle or should even have brought it to a stop until the situation had cleared up. Hence, it is said that whether the conduct of the bus driver in these circumstances constituted negligence was a question which should have been submitted to the jury by proper instructions.

We cannot agree with this contention. According to the testimony of the bus driver and his corroborating witnesses, the position of the truck in the highway presented no hazard to the operator of the bus. Each of these vehicles was in its proper lane with an intervening ten-foot lane between them. The lane ahead of the bus was open and unobstructed; there was no occasion for that vehicle to stop. Its driver had the right to presume that the Greene car was in the proper lane and would continue there. He was under no obligation to anticipate that the operator of the Greene car would proceed along the road, with another vehicle in plain view blocking his passage, until a collision was imminent, and then suddenly, without warning, turn from his proper course and entirely across the highway into the path of the approaching bus.

Moreover, Greene testified that when he first saw the truck backing across the highway, he (Greene) was opposite the Land driveway, which was about 110 feet away, and that under the conditions then obtaining, and the speed at which he was proceeding, he could "easily" have stopped his vehicle within twenty feet.

Here, again, the bus driver had the right to assume that Greene would operate his car in a careful and prudent manner, and that he would take all measures, "easily" available to him, to avoid a collision.

On the whole, we are of opinion that the jury was fully and fairly instructed with respect to the liability of the defendant, Norfolk Southern Bus Corporation, and that the verdict in its favor is fully sustained by the evidence.

This brings us to the principal question presented by the petition for a writ of error on behalf of Isaac Williams, the operator of the truck, which is that the evidence is not sufficient to sustain a finding that his negligence was a proximate cause of the collision. Here it is argued that while the verdict of the jury has found that the collision was proximately due to the joint negligence of the operator of the truck and of Greene, the driver of the automobile, the evidence plainly shows that the negligence of the latter was the sole proximate cause.

It is elementary that in a tort action, such as we have here, the plaintiff must prove his case. Proof that the defendant was negligent is not enough. There must be proof that his negligence was a proximate cause of the collision.

While usually the question as to what is the proximate cause of a collision of this character is for the jury and not for the court to determine, we have many times held that when the facts are not disputed and are susceptible of but one inference, the question becomes one of law for the court. *Hubbard* v. *Murray*, 173 Va. 448, 457, 3 S. E. (2d) 397, 402, and cases there cited.

When the record here is read in the light of these principles we think the conclusion is inescapable that the negligence of Greene was the sole proximate cause of the accident, and that, therefore, the verdict and judgment against the defendant, Isaac Williams, cannot be sustained.

It will be recalled that Greene testified that as he approached the truck it was standing or backing slowly across the road and was blocking both the center and the southern

lanes, and that the collision was caused by the act of the operator of the bus in leaving the southern lane, going entirely across the road into the northern lane, and in this manner attempting to go around the rear of the truck. But, as we have seen, the jury rejected this story, and counsel for the administrator now concedes that in the main it is not true; that the bus never left its proper lane and did not go around the rear of the truck, as Greene has stated. In the light of the jury's verdict and this concession we, of course, know that the truck could not have been blocking the southern lane of the road, as Greene says it was, for the bus would necessarily have collided with it.

If we assume that Greene was wrong as to the exact position of the truck, and that it was headed across the highway, blocking the center and northern lanes, and that the operator was negligent in so doing, yet Greene's own testimony shows beyond question that this was not a proximate cause of the accident. Greene's story is that when he first saw the truck backing across the road he (Greene) was opposite the Land driveway, 110 feet away, and that under the conditions then obtaining and the speed at which he was going, since his brakes were "in perfect shape," he could "easily" have stopped within twenty feet. This was no slip of the tongue or casual admission. It was a considered answer to a direct question propounded by the court, and was repeated on cross-examination. Again, he testified: "I had plenty of time to stop if the bus had not come around the back end of the truck and hit me there like he did." This latter statement epitomizes the plaintiff's case as made out by Greene. It is impossible to read his testimony and come to any conclusion other than that there would have been no accident if the bus had not gone around the rear of the truck, as detailed by him, a story which the jury has discarded and which is now admitted to be untrue. Not once does he claim or suggest that the position of the truck impeded his progress or caused him to turn into the path of the oncoming bus.

█ Therefore, if we accept Greene's statement that he saw the truck ahead, we have undisputed proof that it presented no hazard to him, and that he could "easily" have stopped and avoided striking it. Hence the negligence, if any, of the truck driver was the remote cause and that of Greene was the sole proximate cause of the collision.

On the other hand, if we take the view that the truck was not in the position stated by Greene, but was, as testified to by every other witness, in the northern lane, then it was where it had the right to be and presented no hazard to Greene if he had been keeping a proper lookout, for this left open the ten-foot center lane, through which the Greene car could have passed in safety. Of course, if the truck was in its proper place on the road and Greene failed to see it until a collision with it was imminent, and then for the first time applied his brakes and swerved in front of the bus (which is indicated by the fact that the Greene car skidded a distance of fifty-one feet), then, again, Greene's negligence was the sole proximate cause of the collision.

In no aspect of the case, then, do we find any evidence that the negligence, if any, of the truck driver was a proximate cause of the collision. See *Hubbard* v. *Murray, supra.* The judgment in favor of the Norfolk Southern Bus Corporation is affirmed. The judgment in favor of the administrator against Isaac Williams is reversed and a final judgment will be here entered in the latter's favor.

*Affirmed in part and reversed in part.*