# Richmond

BONNIE L. COX V. HATTIE BELL MABE, ET AL.

April 22, 1974.

Record No. 730529.

Present, All the Justices.

*Stuart B. Campbell, Jr.* (*Campbell & Campbell*, on brief), for plaintiff in error.

*S. D. Roberts Moore* (*Gentry, Locke, Rakes & Moore*, on brief *amicus curiae* of Michael Cox).

(*J. L. Tompkins; Tompkins & Tompkins*, on brief), for defendants in error.

Case submitted on brief by defendants in error.

I'ANSON, J., delivered the opinion of the court.

Plaintiffs, Hattie Bell Mabe and Nancy Mabe Burnette, filed separate motions for judgment against the defendants, Bonnie L. Cox and Michael Cox, to recover damages for serious bodily injuries sustained by them in an automobile accident allegedly resulting from the negligence of Bonnie Cox in parking her automobile on the highway and from the concurring negligence of Michael Cox in the operation of his vehicle. The cases were consolidated for trial, and the

jury returned separate verdicts for the plaintiffs totaling $40,000 against both defendants. Judgments were entered on the verdicts, and we granted defendant Bonnie Cox a writ of error to the judgments against her. Michael Cox did not seek a writ of error, and the judgments against him have become final.

Bonnie Cox contends that the trial court erred in failing to hold as a matter of law that her negligence was not a proximate cause of the accident, and in refusing to grant instruction E.

The evidence shows that on the afternoon of May 24, 1971, approximately five minutes before the accident involved here, Bonnie Cox, at the request of one who required access to her driveway to deliver a load of wood, moved her automobile and parked it in front of her home on the west side of secondary route 736 in Carroll County. At the place where she parked her car, the hard surface of the road was 16 feet 7 inches wide. Her car occupied a portion of the shoulder of the road and 2 feet 10 inches of the hard surface. There was a 5-foot shoulder on the east side of the road opposite the parked car.

In the vicinity of the accident, route 736 runs north and south and is generally straight. At the point of the accident the road is level. The car operated by one of the plaintiffs, Nancy Burnette, approached the scene from the south, and she could have seen the parked Bonnie Cox car for a distance of 300 feet. The Michael Cox car approached the scene from the north on a downgrade. From the top of the grade he could have seen the parked car for a distance of 900 feet. The speed limit was 55 miles per hour.

Nancy Burnette testified that she was driving her car at a speed of 30 to 35 miles an hour as she approached the scene of the accident. Shortly after she came over a hillcrest, she saw the Bonnie Cox car parked on her left, and the Michael Cox car coming toward her at about the same distance from the Bonnie Cox vehicle as was her car. The Michael Cox car was traveling fast, but she could not estimate its speed, and it was skidding sideways. Seconds before the accident occurred she pulled her car over on her side of the road as far as she could and thought she applied her brakes. She was at a point opposite the Bonnie Cox car when the Michael Cox car struck her car head on.

The other plaintiff, Hattie Bell Mabe, was a passenger in the Burnette car. She noticed the parked car on her left but did not see the Michael Cox car until the accident occurred.

Michael Cox testified that when he saw the Burnette car come over the crest of the hill, he noticed the parked vehicle. At this time he was

traveling at a speed estimated at 55 miles per hour. He applied the brakes and his car began "sliding." After concluding that he would be unable to stop before reaching the Bonnie Cox vehicle, he swerved to the left side of the roadway and shoulder in an attempt to avoid a collision with the Burnette car.

Rickie Lee Carico was standing on the highway and observed the Michael Cox car as it approached the scene of the accident. He testified that the car was traveling at a speed of 45 to 50 miles an hour. When Michael applied the brakes on his car, it started to skid.

Trooper Pendergrass, the investigating officer, introduced into evidence photographs taken by him at the scene of the accident. He testified that the Michael Cox car left 231 feet of marks on the highway before colliding with the Burnette car. The marks varied in intensity and direction. They began in the center of the road and continued 93 feet, veered to the right, and went to the left edge of the road for 138 feet to the point of impact. After striking the Burnette car and knocking it back 10 or 15 feet, the Michael Cox car traveled another 30 feet before coming to rest against a tree on the edge of the highway. Pendergrass said that the width of the Burnette car was 6 feet 1 inch, and the Michael Cox car was 6 feet 4 inches at its widest part.

Bonnie Cox does not say that she is free of negligence. She contends, however, that, as a matter of law, her negligence in parking her car in violation of Code § 46.1-248 was not a proximate cause of the accident. She argues that the proximate cause of the accident was the failure of Michael Cox to operate his car in a proper manner; and that there was plenty of room for the Michael Cox car to pass between her car and the Burnette car because there was travel space of 18 feet 9 inches, including the 5-foot shoulder on the east side of the highway. She relies on the facts in *Hubbard* v. *Murray, Adm'r*, 173 Va. 448, 450-51, 456, 3 S.E.2d 397, 399, 401 (1939), and the principle enunciated there in support of her contention that her negligence was merely a circumstance of the accident, not a proximate cause thereof.

In *Hubbard* a bus stopped on a part of the traveled portion of the highway, in violation of a statute, to discharge passengers. As the bus pulled out from its parked position, and before it had gotten entirely on the paved portion of the road, it was sideswiped by the overhanging portion of the body of a truck proceeding in the same direction. After sideswiping the bus the truck ricocheted across the road to its left, collided with an oncoming automobile and killed its driver. There was evidence that the truck driver was exceeding the speed limit; that

he had been driving a long period of time without sufficient rest and sleep; and that his story that his brakes had failed was untrue. There we held that the improper manner in which the bus was stopped was merely a circumstance, or a remote cause, and the negligence of the truck driver was the intervening and sole proximate cause of the collision with the automobile.

*Hubbard* is not controlling here. It is limited to its own particular facts, which are distinguishable from the case at bar.

In order for a defendant's negligence to be the proximate cause of an injury, it is not necessary that he shall have foreseen the precise injury that occurred. "It is sufficient if an ordinary, careful and prudent person ought, under the circumstances, to have foreseen that an injury might probably result from the negligent act. . . ." *Scott* v. *Simms*, 188 Va. 808, 817-18, 51 S.E.2d 250, 254 (1949). *Saunders and Rittenhouse* v. *Bulluck*, 208 Va. 551, 557-58, 159 S.E.2d 820, 826 (1968).

". . . To be a superseding cause, whether intelligent or not, it must so entirely supersede the operation of the defendant's negligence, that it alone, without the defendant's contributing negligence thereto in the slightest degree, produces the injury. . . ." *Richmond* v. *Gay*, 103 Va. 320, 324, 49 S.E. 482, 483 (1905). *See also Savage Truck Line* v. *Traylor*, 193 Va. 579, 585-86, 69 S.E.2d 478, 482 (1952); *Saunders and Rittenhouse* v. *Bulluck, supra.*

In *Saunders and Rittenhouse*, Mrs. Rittenhouse stopped her automobile in the westbound travel lane of the highway directly opposite a car that had parked on the shoulder or very close to the eastbound travel portion of the highway, leaving a narrow space between the two cars. There was a steep hill in back of the Rittenhouse car. The driver of the westbound car could not see the two parked cars until he came over the hill, about 500 feet away. When the driver saw the situation, thinking that he could not pass between the two cars, he applied his brakes. He was unable to stop, and crashed into the back of the Rittenhouse car. We rejected Mrs. Rittenhouse's contention that her negligence was not a proximate cause of the accident, and held that whether her negligence in stopping her car on the highway was a contributing cause of the accident was an issue for the jury to determine.

In the instant case, when Michael Cox saw the oncoming Burnette car and the parked Bonnie Cox car, he recognized, from the close proximity of the cars and the manner in which his car performed after applying his brakes, that he could not safely pass through the space between the two cars. Since he was unable to stop his car,

which was traveling within the speed limit, and avoid a collision with the Bonnie Cox car, he elected to pull his car to the left shoulder of the road in an effort to avoid colliding with the Burnette car. When Nancy Burnette saw the situation seconds before the accident occurred, she started pulling her vehicle to her right as far as possible. Thus, whether the negligence of Bonnie Cox continued until the time of the accident and proximately contributed to it in the slightest degree, or whether her negligence had ceased to operate and was superseded by the negligence of Michael Cox, presented questions of fact for determination by the jury, not questions of law for the court.

Assuming, but not deciding, that refused instruction E was a correct statement of the law, it was not error to refuse it. The record shows that the jury was fully instructed on all the principles involved here.

For the reasons stated, the judgments are

*Affirmed.*