## CIRCUIT COURT OF FAIRFAX COUNTY

Elie Hermez

v.

Ian O'Flaherty

July 25, 1988

Case No. (Law) 83974

By JUDGE RICHARD J. JAMBORSKY

This matter is before the Court for consideration of defendant's Motion for Summary Judgment. Defendant maintains that: (1) the plaintiff's willful conduct in violating the conditions of a suspended sentence was an intervening act sufficient to breach the chain of causation; and (2) any injuries were proximately caused by the plaintiff's own contributory negligence.

The plaintiff, Elie Hermez, hired the defendant/attorney, Ian O'Flaherty, to represent him in Fairfax County General District Court for violations of Virginia Code Section 18.2-429, making telephone calls with intent to annoy. Plaintiff pleaded guilty and was sentenced to twelve months in jail, all suspended on the condition that he have no further contact with the complainant. However, a violation of § 18.2-429 is a Class 3 misdemeanor punishable only by a fine of $500.00. After violating the conditions of his suspension, the plaintiff was sentenced to the original twelve months in jail. Plaintiff asserts that he was induced to enter a guilty plea based on the advice of the defendant and that the defendant breached his duty by failing to conduct the defense with due care to protect plaintiff's liberty.

The plaintiff's conduct in violating the conditions of the suspended sentence was not an intervening cause sufficient to break the chain of causation. An intervening cause must so entirely supersede the defendant's negligence that it alone, without defendant's negligence contributing in the slightest degree, produces the injury. *Cox v. Mabe*, 214 Va. 705, 708 (1974). The plaintiff's violation of the conditions of his suspended sentence did not entirely supersede defendant's negligence but was merely a concurrent cause of his subsequent incarceration. In Virginia, where concurring negligence produces a single injury, each act may be considered the proximate cause of that injury. *Von Roy v. Whitescarver*, 197 Va. 384, 393 (1955).

Further, an intervening cause sufficient to break the chain of causation must not have been reasonably foreseeable by an ordinary, careful, and prudent person under the circumstances. *Cox*, 214 Va. at 708. The defendant, an experienced attorney representing a convicted client, should have foreseen that the defendant may again commit the same offense.

Although not an intervening act sufficient to break the chain of causation, the plaintiff's willful criminal conduct was a proximate cause of any subsequent injury. Therefore, the plaintiff is barred from any recovery because of his own contributory negligence. The Court makes this finding of contributory negligence as a matter of law since the record clearly indicates that reasonable minds could come to one conclusion only. *See, Elswick v. Collins*, 194 Va. 292, 295 (1952). Contributory negligence occurs when the plaintiff fails to act for his own safety as a reasonable person would have acted under the circumstances. *Ewell v. Elliott*, 203 Va. 201, 202 (1962). Absent his own willful criminal act, the plaintiff would not have been incarcerated. In the present case, the defendant's legal representation of the plaintiff ended with the plaintiff's liberty still intact.

The defense of assumption of the risk also appears to prevent plaintiff from recovering under the criteria set forth in *Amusement Slides Corp. v. Tehman*, 217 Va. 815 (1977); (1) that plaintiff had knowledge of the court order that a violation of the conditions of the suspended sentence would result in his loss of liberty for twelve months; (2) that plaintiff voluntarily and willfully exposed

himself to that risk by having further contact with the complainant; and (3) that he understood and appreciated that risk or reasonably should have understood and appreciated it. However, although assumption of the risk may be applicable to the facts as pleaded, the defendant has failed to specifically raise this defense in his pleadings. Therefore, the Court has not considered this issue in arriving at its decision.

For the reasons stated above, defendant's Motion for Summary Judgment is granted on the ground that plaintiff was contributorily negligent. Plaintiff failed to act as a reasonable person by his willful criminal conduct in direct violation of the conditions of the suspended sentence.