# CIRCUIT COURT OF GREENE COUNTY

Allen S. Gardner

    v.

Gabriel A. Matos et al.

December 23, 2008

Case No. CL08-12

BY JUDGE DANIEL R. BOUTON

I have now had an opportunity to study and evaluate further the oral and written arguments that have been presented by Mr. Murray and Mr. Drash on the motion for summary judgment. For the reasons set forth below, the motion will be granted.

*Relevant Facts*

The plaintiff was involved in two separate automobile accidents in Greene County. The first accident occurred on Route 29 North in one of the two left-hand turn lanes that allow vehicles traveling north to turn left on to U.S. Route 33 West. The plaintiff was behind the wheel of his vehicle and waiting in the turn lane when he was struck from the rear by a car being driven by the defendant. This first accident can fairly be characterized as a "fender bender."

Following the first accident, the plaintiff left his vehicle to check on the status of the defendant and to wait for law enforcement to respond. Approximately five to ten minutes passed. The plaintiff was then standing

between his car and the guardrail that is adjacent to the northbound lane of Route 29 North. At that point, the second automobile accident took place, during which the plaintiff was struck by one of the vehicles that was involved in the collision. As a result, he was seriously injured.

The second accident occurred in a location that was different from where the defendant negligently drove into the rear of the plaintiff's vehicle. Specifically, a woman named Seale was attempting to turn left from Route 29 North onto Route 33 West. At the same time, a man named Wells was driving south on Route 29; he was proceeding through the intersection of Route 29 and Route 33 where Seale was in the process of turning. At that point, Seale struck the side of the Wells vehicle as it was heading south. The impact of the collision caused the Wells vehicle to spin out of control. It left the traveled portion of Route 29 South, crossed the median strip that separated Route 29 South and Route 29 North, and smashed through the guardrail on the northbound side of the highway. While the plaintiff remained standing in the location described above, the Wells vehicle struck and injured him.

## Issue

Is the evidence of the defendant's negligence, which caused the first accident, sufficient to present a jury question on whether such negligence was also a concurring proximate cause of the second accident or should the Court rule as a matter of law that his negligence was not the proximate cause of the injuries suffered by the plaintiff?

## Analysis

In arguing that summary judgment should be granted, the defendant relies primarily on the facts and the holding of *Wallace v. Jones*, 168 Va. 38, 190 S.E. 82 (1937). The plaintiff there was a passenger in a vehicle that was involved in an accident caused by the negligence of Wallace. Following the accident, she was helped from her car and remained standing near it for several minutes; she was then struck and seriously injured by another vehicle being negligently driven by a man named Woodward. This second accident occurred five to fifteen minutes after the one that was caused by Wallace. The issue in the case was whether Wallace's negligence in the first accident was a contributing or concurring proximate cause of the injuries suffered by the plaintiff in the second accident. At trial, the judge ruled that the issue was for the jury to determine, and a verdict was rendered in favor of the plaintiff against both defendant Wallace and the driver of the vehicle that hit her.

The Supreme Court of Virginia reversed the trial court. The Court found that there "could be no causal connection between the negligence of Wallace, the defendant, and the injuries sustained by the plaintiff from the second collision when there existed the intervening efficient causes shown by the evidence. . . . Those events constituted new, efficient, and independent causes which superseded the original act of negligence of the defendant." *Id.*, at 44. Consequently, on the issue of whether Wallace was liable for the injuries suffered by the plaintiff in the second accident, judgment was entered in his favor on appeal.

The factual circumstances of the case before the Court are extremely similar to those that can be found in *Wallace*. In both cases, the plaintiff was involved in two separate automobile accidents. In each case, the accidents were not simultaneous, nor did they occur in immediate sequence or in a manner that can be described as "one right after the other." Rather, in each of the cases, at least several minutes passed between the time of the first accident and the time of the second accident. Moreover, when the second accident actually occurred, the plaintiff in each case was no longer in the vehicle that he or she had been occupying at the time of the first accident. In *Wallace*, the plaintiff was standing in the road between the two cars that were involved in the first accident. Here, the plaintiff was standing off the road in a location that was between the lanes of Route 29 North and Route 29 South. Since the holding in *Wallace* was premised on facts that are almost identical to those in the case before the Court, the defendant argues that summary judgment should be granted.

Nevertheless, while conceding that *Wallace* is important to the inquiry, the plaintiff maintains that the case can be distinguished; therefore, it is not dispositive and does not control the issue before the Court. In particular, the plaintiff asserts that the defendant here had a duty to get out of his vehicle and to render assistance to any injured party under the provisions of § 46.2-894 of the Code of Virginia. As a result, he argues that the defendant's negligence in causing the first accident put the plaintiff in a position of peril and that the defendant is liable for the injuries that subsequently resulted from the second accident. In support of his argument, the plaintiff relies heavily on *Scott v. Simms*, 188 Va. 808, 51 S.E.2d 250 (1949), and on a number of cases that cite the principles that were enunciated in *Scott*.

The Court finds, however, that *Scott* can be distinguished from the present case for two important reasons. To begin with, the negligence of the defendant Hudson in the *Scott* case continued right up until the time of the accident that injured the plaintiff. Specifically, Hudson's negligent act was that he parked his car in a manner that impeded or blocked the pedestrian

plaintiff's ability to see clearly; this prevented her from being able to navigate a safe passage across the intersection where the accident occurred. The plaintiff was a little girl who was standing in a position where it appeared that she was getting ready to cross the street. At that point, a single accident between two vehicles took place in the intersection. One of the vehicles struck and injured the plaintiff. She brought suit against both drivers because of their negligent driving and against Hudson because he had negligently parked his vehicle. In evaluating the evidence concerning Hudson's potential liability, the critical point stressed by the *Scott* Court was that his negligence continued unabated and without interruption until the accident occurred. As the Court noted: "Hudson's negligence had not at the time of the collision become inactive, but continued to be a condition operating harmfully with the negligence of his co-defendants." *Id.*, at 819.

The other critical fact that was central to the analysis in *Scott* was that, after Hudson negligently parked his car but before the occurrence of the accident that injured the plaintiff, there were no events, incidents, or circumstances that intervened to supersede Hudson's ongoing negligence. Significantly, there were not two separate accidents. Rather, Hudson's car remained negligently parked at the time that the other two defendants entered the intersection and operated their motor vehicles in a negligent manner. Therefore, at the time that the plaintiff in *Scott* was injured, all three defendants were engaged in simultaneous acts of negligence. Due to these circumstances, the Court concluded that the negligence of all three of them was potentially a concurring proximate cause of the plaintiff's injuries. Therefore, the issue was not a matter of law for the trial judge to determine; rather, it constituted a factual dispute that had to be resolved by the jury.

After *Scott*, the Supreme Court of Virginia decided a number of cases that again referred to and further explained the concept of ongoing or continuous negligence. Moreover, all of these cases were based on similar facts, and they all cited *Scott* as precedent. For example, in *Saunders v. Bulluck*, 208 Va. 551, 159 S.E.2d 820 (1968), one of the two defendants in the case had stopped her car in the westbound travel lane of the highway. Another vehicle approached her stopped vehicle and crashed into the back of it. The plaintiff was a passenger in the vehicle that struck the stopped car. She brought suit against the driver of the vehicle in which she was riding and the driver of the car that was stopped in the road. The defendant, who had negligently stopped her car, asserted that her negligence was not a proximate cause of the accident that injured the plaintiff. The Court rejected this argument and concluded that her negligence was continuous; therefore, it could have been a contributing cause of the accident: "Clearly, we think, it

was at least a jury question whether the negligent act of Mrs. Rittenhouse in stopping her car in violation of the statute was a contributing cause of the accident." *Id.*, at 558.

Similarly, in *Cox v. Mabe*, 214 Va. 705, 204 S.E.2d 253 (1974), the defendant negligently parked her car so that it occupied a portion of the shoulder of the road and part of the hard surface. Shortly thereafter, two vehicles approached the location of the stopped vehicle and were involved in a single accident. One of the drivers and her passenger were injured, and they sought a recovery from the operator of the other vehicle and from the defendant whose car was negligently parked. Once again, the Court concluded that parking the car was a negligent act that continued until the time of the accident and that this negligence could have contributed to cause the plaintiff's injuries: "Thus, whether the negligence of Bonnie Cox continued until the time of the accident and proximately contributed to it in the slightest degree, or whether her negligence had ceased to operate and was superseded by the negligence of Michael Cox, presented questions of fact for determination by the jury, not questions of law for the court." *Id.*, at 709.

Another relevant case is *Crist v. Fitzgerald*, 189 Va. 109, 52 S.E.2d 145 (1949). There, the plaintiff was a passenger in a vehicle that crashed into the rear of a trailer that was parked on the right hand side of the highway. The plaintiff was seriously injured in the accident and brought a cause of action against the defendant who parked the trailer. At trial, it was undisputed that the defendant was negligent in failing to display a red light on the rear of his parked trailer in order to warn other drivers of its presence by the side of the road. The jury returned a verdict in favor of the plaintiff. The defendant argued that the verdict should have been set aside because the plaintiff's failure to keep a proper lookout for the trailer was the sole proximate cause of the accident. He asserted that, as a matter of law, the plaintiff's contributory negligence was an intervening act of negligence that superseded his original negligence. On appeal, the Supreme Court of Virginia disagreed and affirmed the trial judge's ruling that the issue was one that had to be determined by the jury. Most important, in assessing the evidence regarding the defendant's conduct, the Court cited *Scott* and again relied on the doctrine of ongoing negligence. The Court said that the defendant "knew that his parked trailer put other travelers on the road in a position of danger or injury. This dangerous condition he allowed to continue and to remain active for mischief for approximately three hours, from 4:00 o'clock p.m. up to the time the trailer was struck by the plaintiff's automobile. Such negligence made a collision not only possible but highly probable." *Id.*, at 118. As a result, the Court concluded that it was for the jury to decide "whether the collision followed the

defendant's negligence in a natural and continuous sequence, and whether such negligence constituted a proximate or contributory cause of the injuries complained of, or whether Ms. Fitzgerald was guilty of intervening or subsequent negligence, which entirely superseded the operation of defendant's negligence, so that it alone produced the resulting injuries, without the original negligence of the defendant contributing thereto." *Id.*, at 119.

Another case in which the Court ruled that the defendant's continuing or ongoing negligence created a proximate cause issue for the jury is *Vought v. Jones*, 205 Va. 719, 139 S.E.2d 810 (1965). There, the plaintiff was a small boy who was struck by a vehicle as he crossed the road on his way home. The boy had purchased an ice cream cone from an ice cream truck that was negligently parked on the road in a manner that obstructed the view of other drivers. The action on behalf of the boy was brought against the driver who struck him and the owner and operator of the ice cream truck. At trial, the judge struck the evidence against the defendant who had negligently parked the ice cream truck. On appeal, however, the Supreme Court reversed this ruling and concluded that it was a jury question as to whether the location of the ice cream truck rendered dangerous the use of the road. The Court again made reference to the *Scott* case and pointed to the significance of the ongoing negligence of the defendant: "In the present case, the manner in which the truck was stopped or parked on the road had not ceased to operate or been superseded by the negligence, if any, of Duncan, but continued down to the time of the accident and proximately contributed thereto. The negligence, if any, of Duncan, the driver of the car, was not a superseding but a concurring cause." *Id.*, 724 (citations omitted).

Finally, in the case of *Koutsounadis v. England*, 238 Va. 128, 380 S.E.2d 644 (1989), the defendant engaged in a series of actions that ended with his vehicle stopped in a manner that blocked a portion of the left lane of the highway. His vehicle was then struck by two different cars, one of which was driven by the plaintiff. The Court again found that the defendant's stopped vehicle was an example of continuous negligence. The Court observed that the stopped vehicle could have been a proximate cause of the plaintiff's injuries because the vehicle remained in a dangerous position. Therefore, the question was one for the jury to resolve. In particular, the Court emphasized the importance of the *Scott* case:

> Further, in *Scott*, we paid particular attention to the question of proximate causation in a situation where the consequence of a negligent act has come to rest in a dangerous position. We quoted the following language from a pertinent *Law Review*

article: "If the defendant's act of force has come to rest, but in a dangerous position, creating a new or increasing an existing risk of loss, and the foreseen danger comes to pass, operating harmfully on the condition created by defendant and causing the risked loss, we say that the injury thereby created is a proximate consequence of the defendant's act."

*Id.*, at 132 (citation omitted).

*Scott* and all of the cases that have cited it as precedent share in common several important facts. To begin with, in each case, the defendant in some form or another negligently parked or stopped a vehicle in a location that created or contributed to unsafe conditions. Also, after the vehicle in question was stopped or parked, the plaintiff was then injured in a single accident that involved other vehicles and other drivers. Furthermore, after the stopped or parked vehicle was placed in its precarious location, no additional events transpired and nothing else took place before the accident that resulted in injury to the plaintiff. Based on the similar facts of these cases, the Supreme Court of Virginia determined that whether or not the defendant's negligence in stopping or parking the vehicle was a proximate cause of the plaintiff's injuries was an issue that should be submitted to the jury. The primary reason why proximate cause was a jury question was because the negligently parked or stopped vehicle remained in its original, unsafe location when the accident that injured the plaintiff took place; therefore, the negligence was ongoing or continuous.

The facts of the present case are completely different from those contained in the above cases. Most important, in the case before the court, there is no material dispute in the evidence over whether or not the negligence of the defendant was ongoing or continuous. Specifically, the defendant's negligence here consisted of a single act: he negligently drove his car into the rear of the plaintiff's vehicle. This negligence was only the proximate cause of the first accident. This accident was over, and the defendant's negligent act had been completed before the plaintiff was injured in the second accident. As a result, the defendant's negligence in this case did not continue up until the time of the second accident. Rather, his negligence had become "inactive" *(Scott)* and had "ceased to operate" *(Cox)*. Therefore, the court concludes that *Scott* and the other cases relied on by the plaintiff do not support his argument that the defendant's negligence here continued to place the plaintiff in peril and was thus a concurring proximate cause of the injuries suffered in the second accident. Moreover, when the plaintiff was injured, the negligence of the two drivers who were involved in the second accident superseded the

original negligent act of the defendant. Thus, as a matter of law, the defendant's negligence was not the proximate cause of the injuries in this case.

In ruling on this issue, it should be noted that *Wallace* again provides support for the position taken by the defendant and adopted by the court. The *Wallace* court explicitly acknowledged and discussed the difference between a completed negligent act, such as the one committed here, and an act of negligence that is ongoing or continuous. On this point, the court said that a "defendant generally is not charged with the duty of anticipating an independent act of negligence by a third party, but if the first act of negligence is continuous in its operation up to the time of the beginning of the second act, then, for the purpose of fixing the defendant's liability, the two acts will be treated as contemporaneous." *Id.* at 43. Moreover, in support of its holding, the *Wallace* court cited *Kaylor v. Quality Bread and Cake Co.*, 155 Va. 156, 154 S.E. 572 (1930). In *Kaylor*, two vehicles were involved in a single accident. After the collision, the plaintiff left his car and was injured when he tried to separate the two vehicles. The court found that the driver who had negligently caused the accident was not liable for the injuries that resulted from the plaintiff's attempt to separate the two vehicles. In explaining why the defendant's negligence in *Kaylor* was not the proximate cause of the plaintiff's injuries, the Supreme Court emphasized the same principle that the court finds relevant here: "It was also held in that case that the probable consequences of the negligent act which caused the collision of the cars had ended before the subsequent attempt was made to separate them, in which attempt the plaintiff received his injury." *Wallace, supra*, at 43. Thus, the rationale of *Wallace* provides direct support for the court's ruling that the defendant's negligence in the "fender bender" accident was not the proximate cause of the injuries incurred by the plaintiff who, as a pedestrian, was struck by the Wells vehicle.

The second reason why *Scott* can be distinguished from the case before the court is based upon the doctrine of foreseeability. In a cause of action for negligence in Virginia, the injuries complained of must be foreseeable in order for the plaintiff to recover for them. If they are not foreseeable, then the defendant's act, even if negligent, is not the proximate cause of the injury. This principle was discussed and affirmed in many of the cases analyzed above, including *Scott, Wallace*, and *Koutsounadis*. In determining whether there exists a dispute concerning foreseeability for the jury to resolve, the court must evaluate the specific facts of each case. No single fact is controlling or dispositive. Therefore, in the present case, based on all of the facts that both parties have agreed to for purposes of the motion for summary judgment, the

court must ascertain whether there is a material dispute in the evidence over whether the plaintiff's injuries were foreseeable. If there is sufficient evidence of foreseeability, then whether the defendant's negligence was a concurring proximate cause of the plaintiff's injury would be an issue for the jury. If the evidence is insufficient, then the injuries were not foreseeable; it follows that, as a matter of law, the defendant's negligence is not the proximate cause of the injuries.

In light of the above principles, the court will now turn its attention to the competing positions of the parties on foreseeability. In evaluating such positions, many of the same cases that the court reviewed in its discussion of the concept of continuous negligence are relevant to the analysis. Once again, *Scott* and *Wallace* are the two most important cases.

The plaintiff argues that the court should deny the motion for summary judgment based on *Scott* and the cases that have followed its rationale. On whether an injury is foreseeable, the *Scott* court said that "it must appear that the injury was the natural and probable consequence of the negligence or wrongful act and that it ought to have been foreseen in the light of the attending circumstances." *Id.*, at 817 (citations omitted). The court further noted that a negligent defendant need not "have foreseen the precise injury that happened. It is sufficient if an ordinary, careful and prudent person ought, under the circumstances, to have foreseen that an injury might probably result from the negligent act." *Id.*, at 818 (citations omitted). Based on the particular facts of *Scott*, the court pointed out that one who negligently parks his car in a manner that prevents pedestrians from safely crossing a busy intersection is on notice that injury might possibly occur due to such conduct. Fairness and common sense suggest that a defendant might be liable under such circumstances because it is natural and probable that an accident might occur if a negligently parked or stopped car blocks an intersection. This same point was stressed in *Koutsounadis, supra*, where the court said "we are of opinion that the issue of proximate causation in this case could not be resolved as a matter of law. The consequence of England's negligently falling asleep and striking Moser's automobile was that England's car came to rest in a dangerous position. We cannot conclude, as a matter of law, that it was unreasonable for England to foresee that other vehicles might collide with his darkened, dangerously positioned vehicle." *Id.*, at 132. In the present case, the plaintiff argues that the attendant circumstances of the two accidents rendered it natural and probable that the plaintiff would be injured because of the position of potential danger that he occupied as a pedestrian following the first accident. He asserts that, based on the reasoning of the foregoing cases, the jury should decide whether the defendant's negligence in the first accident

rendered foreseeable the injuries suffered by the plaintiff in the second accident. Therefore, he maintains that the motion for summary judgment should be denied.

On the other hand, the defendant again relies on *Wallace* in asking the court to find that, as a matter of law, the injuries were not foreseeable. As stated in *Wallace*, "negligence carries with it liability for consequences which, in the light of attendant circumstances, could reasonably have been anticipated by a prudent man, but not for casualties which, though possible, were wholly improbable. One is not charged with foreseeing that which could not be expected to happen." *Id.*, at 42-43. In applying this standard to the specific facts of the case before it, the *Wallace* court held that, as a matter of law, the second collision that injured the plaintiff was not foreseeable by the defendant. The court concluded that it was a separate event caused by the intervening acts of others.

Here, in resolving the dispute on the issue of foreseeability, the court agrees with the position taken by the defendant. What persuades the court to rule this way are the key facts that are common to both *Wallace* and the present case. As previously stressed, there were two separate accidents in each case. The first accident in each case was caused by the defendant's negligence, and it was over before the plaintiff was struck and injured in the second accident. In the present case, it must also be stressed that the second accident occurred in the opposite lane of travel and in a location that was completely different from where the first accident took place. Under these circumstances, the court finds that the defendant would not foresee that injury would probably result to the plaintiff. Arguably it might be expected that the plaintiff would leave his vehicle after being struck by the defendant and that it would not be unusual for him to be standing between the two lanes of travel on the highway near the scene of the first accident. Under such attendant circumstances, however, the court finds that a reasonably prudent person would not anticipate that a second automobile accident, caused by another driver's negligence, would then injure the plaintiff. It would not be natural and probable that, several minutes after the defendant's completed act of negligence, a separate accident would then occur on the other side of the highway in the opposite lane of travel. Thus, the court finds that, as a matter of law, the injuries suffered by the plaintiff in the second accident were not foreseeable.

Two additional factors must be emphasized by the court as part of its rationale in granting the motion for summary judgment. First, in addressing proximate cause issues, it should be noted that the cases in Virginia have resolved them in three ways. To begin with, there are some cases where the evidence establishes as a matter of law that the defendant's negligence is the

proximate cause of an injury. See *Mitchell v. Lee and Jones*, 213 Va. 629, 194 S.E.2d 737 (1973). Second, as illustrated by many of the cases discussed in this letter opinion, the question is often one for the jury to determine. Finally, as also seen here, there are cases where the evidence proves as a matter of law that the defendant's negligence is not the proximate cause of an injury. Deciding which category suits each case and determining whether a proximate cause issue should be submitted to a jury are not easy tasks. The problem is complicated because proximate cause "is a concept difficult to define and almost impossible to explain conclusively. Each case necessarily must be decided upon its own facts and circumstances." *Huffman v. Sorenson*, 194 Va. 932, 937, 76 S.E.2d 183 (1953). Furthermore, as the *Scott* court stated "There is no yardstick by which every case may be measured and fitted into its proper place. In each case, the problem is to be solved upon mixed considerations of logic, common sense, justice, policy and precedent." *Id.*, at 816.

Nevertheless, while the court is always reluctant to grant summary judgment or strike the evidence if there remains any dispute for the jury to resolve, it is clear that the material facts in this case are strikingly similar to those in *Wallace*. Furthermore, if the relevant facts are not in dispute and if the evidence establishes that the defendant's negligence was only a remote cause, if any, of the injuries complained of, then the issue must be ruled on by the court; this is the crux of *Wallace*. Moreover, as noted above, the Supreme Court of Virginia has consistently ruled in many cases that, as a matter of law, a defendant's conduct, even though negligent, was not the proximate cause of the plaintiff's injuries. In such cases, the trial judge must decide the issue rather than submit it to the jury for resolution. See *Atkinson v. Scheer*, 256 Va. 448, 508 S.E.2d 68 (1998); *Jenkins v. Payne*, 251 Va. 122, 465 S.E.2d 795 (1996); *Banks v. City of Richmond*, 232 Va. 130, 348 S.E.2d 280 (1986); *Williams v. Greene*, 181 Va. 707, 26 S.E.2d 89 (1943).

The second factor stressed by the court is that, even though *Wallace* was decided in 1937, the case has never been overruled; rather it has been cited and followed by the Supreme Court of Virginia in subsequent decisions with similar facts. For example, *Huffman, supra*, was another case in which two separate accidents occurred. The first one involved three vehicles that crashed; after this first collision, one of the three drivers left his car sitting at an angle across the road so that the westbound lane was completely blocked. A few minutes later, a second accident occurred when another vehicle struck the car that was left in the road from the first accident. The plaintiff was a passenger in the vehicle that hit the car that was still on the highway from the first accident; she was seriously injured in the second crash. Her cause of action included negligence claims against all three drivers from the first

accident. At trial, however, the judge struck the evidence with respect to the claims against two of these drivers. The only negligence claim that remained actionable was the one brought against the driver who negligently left his car in the road after the first accident. On appeal, these rulings were affirmed because the negligence of the other two defendants from the first accident was not the proximate cause of the plaintiff's injuries in the second accident. Citing *Wallace* in support of its decision, the court concluded that the "evidence in this case so clearly shows that the negligence of the defendants was the remote cause, if any cause at all, of the injuries the plaintiff received in the second collision, that we hold as a matter of law it was not the proximate cause of the plaintiff's injuries herein complained of. It follows that the trial court was correct in striking the plaintiff's evidence and entering judgment for the defendants." *Id.*, at 942. See also *Koutsounadis, supra; Hubbard v. Murray*, 173 Va. 448, 3 S.E.2d 397 (1939). Therefore, the court concludes that *Wallace* has not been weakened or diminished by any later decisions and that its rationale remains persuasive when applied to cases with similar facts.

## Conclusion

The court finds that the undisputed material facts of the present case are almost identical to those that were central to the holding in *Wallace*. Therefore, for the reasons discussed above, the motion for summary judgment will be granted.